## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### ROGER LEE SHIFFLETT V. COMMONWEALTH OF VIRGINIA.

June 10, 1977.
Record No. 761314.
Present: All the Justices.

*Richard E. Carter* for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

I'ANSON, C.J., delivered the opinion of the Court.

Defendant, Roger Lee Shifflett, was charged in an indictment with breaking and entering the combination dwelling and storehouse of Onni Morris with intent to commit larceny therein. He was convicted by a jury and sentenced in accordance with the jury's verdict to confinement in the state penitentiary for a period of 10 years.

Before defendant was indicted, he was accorded a preliminary hearing in the General District Court of the county, which certified his case to the grand jury of the Circuit Court. The chief witness for the Commonwealth at the preliminary hearing was Motan Shifflett. Subsequent to the preliminary hearing, but before defendant's trial on the indictment, Motan died. The testimony at the preliminary hearing was not recorded.

Onni Morris testified in the trial of the defendant that he was present at the preliminary hearing, and that he heard Motan testify. He said Motan testified that he [Motan] was on his way to Morris' house to get a bucket of water, and that when he was a short distance from the house, he saw the defendant rip or cut a screen from a window and enter Morris' house.

Morris further testified that the defendant was represented by attorney William R. Yeatts at the preliminary hearing. Morris stated that attorney Yeatts asked Motan on cross-examination how old he was and he [Motan] said that he did not know, he thought he was probably 75 or 80. When Yeatts asked Motan why Motan took no immediate action when he saw a crime being committed, Motan answered that "anybody got anymore sense than to go and pull a window open and go into a house right in daylight time, said he wouldn't have anymore sense [than to] knock me in the head, as old as [I] was." Yeatts then asked Motan how "good" he could see. Motan said that he could see enough to thread a needle.

A deputy sheriff testified that Motan was a witness at the preliminary hearing. He stated that he did not hear all the testimony at the hearing because he was in and out of the courtroom. He said, however, that he did hear attorney Yeatts ask Motan how well he could see and he told him "he could see good enough to thread a needle."

Defendant first contends that the admission of Morris' testimony violated the hearsay rule because there was no transcript made of the former proceedings and there was no proof that he exercised his right of cross-examination.

Defendant argues that the unrecorded testimony of Motan does not have the same indicia of reliability as recorded testimony, and that to permit Morris to narrate Motan's testimony violated the hearsay rule. He cites *Fisher* v. *Commonwealth*, 217, Va. 808, 232 S.E.2d 798 (1977) in support of his contention.

In *Fisher*, we considered "whether testimony given by a witness during a preliminary hearing on a murder charge may properly be received as substantive evidence for the prosecution in the subsequent trial ... when the witness is deceased at the time of the trial." There defendant's attorney conducted a vigorous, detailed, and searching cross-examination of the witness at the preliminary hearing, focusing on the main issues which later developed at trial. We held the prior recorded testimony of that deceased witness carried sufficient indicia of reliability and provided the trier of fact a satisfactory basis for evaluating the truth of the earlier testimony. We concluded that defendant's constitutional right to confront the witness against him was not violated.

In the present case, we must determine whether the *unrecorded* testimony at the preliminary hearing of a witness who was absent at the subsequent trial because of death may be proved by the oral testimony of a person who was present at the preliminary hearing and heard the witness testify.

In *Parks' Case*, 109 Va. 807, 808, 63 S.E. 462, 463 (1909), we held that the testimony of a defense witness, who had been examined and cross-examined at a former trial and who had died before the second trial of the case, may be proved by the prisoner on the second trial. There we quoted with approval from *Wigmore on Evidence* dealing with former testimony as follows:

> "[I]t is well and properly settled that such evidence — assuming always that there has been a due cross-examination — is admissible for the *State* in a criminal prosecution, without infringing the Constitution." 109 Va. at 809, 63 S.E. at 463. (italics supplied)

No distinction was made in the *Parks' Case* as to the admissibility of recorded or unrecorded former testimony.

The fact that there was no formal record of the preliminary hearing proceedings will not, in and of itself, operate to exclude the testimony of the deceased witness on the ground that it is at variance with the hearsay exception requirement. The overwhelming weight of authority supports the rule that in criminal cases the preliminary hearing testimony of a witness who is absent from the subsequent trial because of death may be proved by the *oral testimony* of a person who was present at the former trial and heard the witness testify. In applying this rule, however, it must be shown: (1) that the witness is dead; (2) that the testimony of the witness was given under oath (or in such form of affirmation that is legally sufficient); (3) that the person who seeks to relate the testimony of the absent witness can state the subject matter with clarity and in detail; and (4) that the party against whom the witness was offered was present with counsel and was afforded the opportunity of cross-examination. McCormick on Evidence, §§ 254-60, pp. 614-25 (2d. 1972); Wharton's Criminal Evidence, §§ 470-74, pp. 266-72 (1955); 5 Wigmore, A Treatise of Anglo-American System of Evidence in Trials At Common Law, §§ 1402-03, 1667 at 148-49, 662-64 (3d ed. 1940); Annot., 15 A.L.R. 495 (1921); "Use in criminal case of testimony given on former trial or preliminary

examination, by witness not available at trial," and in supplemental annotations at 79 A.L.R. 1392 (1932); 122 A.L.R. 425 (1939); 159 A.L.R. 1240 (1945), all of which annotations are in accord with the above rule; Annot., 11 A.L.R.2d 30 (1950), "Mode of Proving Former Testimony."

Defendant says that the Commonwealth did not meet the requirement of showing that Motan was cross-examined at the preliminary hearing. From this premise, he argues that he was denied his constitutional right of confrontation under the Sixth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment, and the Virginia Constitution, Art. I, § 8. We do not agree.

■ The United States Supreme Court has held that when a witness is properly unavailable, his prior recorded testimony can be admitted at a subsequent trial consistent with the Sixth Amendment if, at the previous hearing, counsel for the defendant cross-examined the witness. *Mancusi* v. *Stubbs*, 408 U.S. 204, 216 (1972); *Barber* v. *Page*, 390 U.S. 719, 722 (1968); *Mattox* v. *United States*, 156 U.S. 237, 240-44 (1895). We applied this rule in *Fisher, supra.*

The above rule is equally applicable where the testimony in the previous trial was not recorded. *Parks' Case, supra; State* v. *Phillips*, 511 S.W.2d 841, 845-48 (Mo. 1974); *State* v. *Solomon*, 5 Wash. App. 412, 487 P.2d 643, 646-47 (1971).

■ Although there was no transcript of Motan's testimony at the preliminary hearing, the record shows that defendant was present at the preliminary hearing; that he was represented by court-appointed counsel; and that Motan was cross-examined by defendant's counsel on the crucial issues of breaking and entering and the identity of the accused as the perpetrator of the crime. Hence, there was no denial of defendant's constitutional right of confrontation.

We hold that the former testimony of Motan Shifflet was admissible as an exception to the hearsay rule, that defendant's right of confrontation under the Constitution of the United States and the Virginia Constitution was not violated, and that the evidence was properly admitted.

Defendant contends that the trial court erred in refusing his motions for a continuance.

The first motion pertains to the absence of witness William R. Yeatts, the court-appointed attorney who represented defendant at the preliminary hearing. The request for the issuance of a summons for Yeatts was made only two days before trial. The summons was not served because Yeatts was out-of-town on vacation. In response to questions from the trial judge, counsel for the defendant indicated that Yeatts was not a material witness and that he was not sure he would be called as a witness if he were present.

A motion for a continuance in order to obtain the presence of a missing witness is addressed to the sound discretion of the trial court whose decision will not be reversed unless the record affirmatively shows an abuse of such discretion. *Lacks* v. *Commonwealth*, 182 Va. 318, 323, 28 S.E.2d 713, 715 (1944); *Vineyard* v. *Commonwealth*, 143 Va. 546, 549-50, 129 S.E. 233, 234 (1925).

Since it was not indicated that Yeatts was a material witness, the court did not abuse its discretion in refusing the continuance. Moreover, there was a lack of due diligence in obtaining Yeatts' presence. *See Atkinson* v. *Neblett*, 144 Va. 220, 226-27, 132 S.E. 326-28 (1926).

Defendant contends that the trial court erred in denying his motion for a continuance to enable him to retain counsel of his own choosing. The only ground assigned for the motion was that defendant needed more time in preparing his defense.

The record shows that the defendant had adequate time to prepare his defense if he had cooperated with his court-appointed attorney. There were no circumstances here suggesting adequate cause to delay the trial. In order to work a delay by the last minute change of counsel, exceptional circumstances must exist. *United States* v. *Grow*, 394 F.2d 182, 209 (4th Cir. 1968); *United States* v. *Mitchell*, 138 F.2d 831 (2d Cir. 1943), *cert. denied*, 321 U.S. 794 (1944).

Defendant's final contention is that the court erred in not instructing the Commonwealth's Attorney to abide by a plea bargain. There is no merit in this contention because the record does not show that a plea bargain was entered into by the parties.

For the reasons stated, the judgment of the court below is

*Affirmed.*