COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


DAVID LEE JACKSON

v.   Record No. 0412-94-2           MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                NOVEMBER 21, 1995


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

          Cullen B. Seltzer, Assistant Public Defender
               (David J. Johnson, Public Defender, on
          brief), for appellant.

          Richard B. Smith, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     David Lee Jackson appeals his jury trial convictions of

first degree murder, use of a firearm in the commission of a

murder, and armed burglary.  Jackson argues that the trial judge

abused his discretion in denying his motion for a continuance and

further erred in refusing to instruct the jury on the lesser

included offenses of armed burglary.  We affirm Jackson's

convictions because the record does not show that the trial court

abused its discretion by denying the continuance, and because

Jackson's proffered jury instructions were unsupported by the

evidence.

     "`The decision whether to grant a continuance is a matter

within the sound discretion of the trial court.  Abuse of

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

discretion and prejudice to the complaining party are essential to a reversal.'" Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509 (1990). "Only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." Bolden v. Commonwealth, 11 Va. App. 187, 191, 397 S.E.2d 534, 536 (1990) (citing Morris v. Slappy, 461 U.S. 1, 11-12 (1983)) (other citation omitted). "In determining whether the trial court properly exercised its discretionary powers, we look to the diligence exercised by the moving party to gather and make the evidence available at trial." Smith v. Commonwealth, 16 Va. App. 630, 636, 432 S.E.2d 2, 6 (1993).

Jackson first contends he was entitled to a continuance because there were only ten days between the time of the indictment and trial. However, the record does not support a finding that Jackson's counsel did not have time to prepare for trial. Although there were only ten days between the time of the indictment and trial, defense counsel had represented Jackson for eight weeks, from the time of his arrest throughout the entire proceedings.

Secondly, Jackson complains that he was prejudiced because the final autopsy report was not filed until 4:00 p.m. on the day before trial. Counsel had access prior to trial to the medical examiner who prepared the final autopsy report, as well as her preliminary findings. Counsel was unable to articulate to the trial judge how any information contained in the final autopsy

report was of value to appellant, or how he would be prejudiced by a denial of his request for a continuance. While the final report confirmed that the remaining two shots, as well as the first (confirmed in the preliminary report), had entered through the back, defense counsel never proffered that she had mistakenly developed a theory of self-defense. In fact, defense counsel admitted she had not yet developed any defense theory. When counsel could give no reason the late autopsy report prejudiced the defense, the trial judge advised counsel to consider the matter overnight and to bring it up before trial if she could think of any reason.

Jackson next contends that a potentially exculpatory witness was discovered two days before trial, and that he should have had time to find and interview this witness. Under the circumstances of this case, Jackson was not entitled to a continuance to interview an allegedly exculpatory witness. In such cases, this Court "look[s] to the diligence exercised by the moving party to locate the witness . . . . " Smith, 16 Va. App. at 636, 432 S.E.2d at 6.

While Jackson's counsel claimed that the witness was discovered two days before trial, she could have discovered her much earlier. At trial she stated: "the Commonwealth did let me see the file prior to the preliminary hearing. I saw it. I did not -- I read it. I did not take any notes." Jackson does not allege any violations of discovery rules by the Commonwealth or surprise. See Stewart v. Commonwealth, 10 Va. App. 563, 569, 394

S.E.2d 509, 513 (1990).  That the witness saw three or four people running from the scene of the shooting did not tend to exculpate appellant; Jackson was the only one seen with a gun on the night in question and it is not uncommon for people to run from an area after hearing gunshots.

Lastly, Jackson's defense counsel never said that they found the witness, nor that the witness had anything helpful to say, even though they had three weeks after the trial to bring new information forward under Rule 1:1.

Finally Jackson claims he was entitled to a continuance because a difference arose between himself and defense counsel, over whether he should testify, two nights before his trial. This contention is without merit.  "In order to work a delay by the last minute change of counsel, exceptional circumstances must exist."  Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977).  Although Jackson's counsel stated to the court that a difference arose between herself and Jackson, over whether he should testify, two nights before his trial, she failed to demonstrate any exceptional circumstances.  In fact, while Jackson's counsel only vaguely alluded to the conflict, her conversation with the court appears to present a typical dilemma which faces counsel when a defendant insists on testifying, i.e., perjured testimony.  It's quite likely that Jackson's counsel was worried that if Jackson testified he would lie on the stand, forcing her to reveal his crime and having to withdraw as counsel.  At any rate, the differences were resolved when counsel

told the court that she had convinced Jackson not to testify.

"A reviewing court's responsibility in reviewing jury instructions is to 'see that the law has been clearly stated and that the instructions cover all issues fairly raised.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted). "If there is any evidence that would support a conviction for the lesser included offense, the trial court must, upon request of counsel, instruct the jury as to the lesser included offense. . . . An instruction, however, must be based on more than a scintilla of evidence." Miller v. Commonwealth, 5 Va App. 22, 24, 359 S.E.2d 841, 842 (1987) (citations omitted).

In this case the record bears no more than a scintilla, if that, of evidence to support Jackson's proffered instructions on lesser included offenses of burglary. The deceased's wife testified that she cracked open the door when someone knocked on it, and Jackson and another man "pushed the door open, brushed past [her] and walked through the house with guns." Upon forcing their way into the dwelling, the two proceeded directly toward the deceased and began to maliciously beat him before taking the deceased outside where Jackson shot him. This uncontradicted testimony, which was supported by the physical evidence, does not support the defense theory that Jackson was guilty of breaking and entering with intent to commit a misdemeanor or unlawful entry.

For all of the above-stated reasons, Jackson's convictions are affirmed.

<u>Affirmed.</u>

Benton, J., dissenting.

In the motion for continuance, David Lee Jackson's counsel stated that she needed additional time to prepare for the trial, which was scheduled to occur ten days after the indictment.  In the motion, counsel alleged that only nine days earlier the Commonwealth indicted Jackson on a "new charge of armed breaking and entering," that on the day before trial counsel had not received the "final autopsy and toxicology report," and that counsel had "just learned of a potentially exculpating witness."  Although counsel's motion for a continuance of a trial was addressed to the trial judge's exercise of sound discretion, the principle is well established that the trial judge must exercise that discretion "with due regard to the provisions of the Bill of Rights, which secure to one accused of crime a fair and impartial trial; and to that end safe-guard his right 'to call for evidence in his favor.'"  Cremeans' Case, 104 Va. 860, 863, 52 S.E. 362, 363 (1905) (quoting Const. of Va., Art. I § 8).

> This unqualified right includes "the right to prepare for trial which, in turn, includes the right to interview material witnesses and to ascertain the truth."  This right applies with equal force to the procurement of documentary evidence.

Cox v. Commonwealth, 227 Va. 324, 328, 315 S.E.2d 228, 230 (1984) (quoting Bobo v. Commonwealth, 187 Va. 774, 779, 48 S.E.2d 213, 215 (1948)).

The record establishes that Jackson was initially charged with a murder that occurred on the street in front of an

apartment. Jackson did not remove the victim from the apartment. The Commonwealth's witness, the victim's wife, testified that she and the victim left witness' apartment together. They were walking to a public telephone when the victim saw Jackson and another man, both armed. The witness ran back into her apartment, closed the door, and heard four shots. No witness testified who saw the killing.

Ten days prior to the trial, the Commonwealth indicted Jackson for that murder. In addition, however, at that same time the Commonwealth charged Jackson for the first time with breaking and entering the witness' apartment while armed and with the intent to commit a felony. Jackson had only ten days to prepare for his defense to this additional indictment. In denying the continuance, the trial judge failed to consider that "[i]n order to prepare for trial, an accused and his counsel must have sufficient time to investigate the case and to evaluate the evidence that is procured." Gilchrist v. Commonwealth, 227 Va. 540, 545, 317 S.E.2d 784, 787 (1984). The denial of counsel's motion for a reasonable continuance to prepare Jackson's defense to that felony was an abuse of discretion.

Furthermore, on the day before trial at the continuance hearing, the prosecutor agreed that the medical examiner had not prepared her report because "she is not clear as to the other two wounds because . . . its difficult to tell whether [the bullets] . . . went in the back or came out the front or vice-versa." The autopsy report was not filed in the trial court until after 4

p.m. on the day prior to trial. The toxicology report was given to counsel at trial. Both reports were both admitted in evidence at trial against Jackson. In the absence of these exhibits, Jackson's counsel could not have adequately prepared to defend Jackson. Counsel was entitled to have adequate time to evaluate the reports and to prepare a defense. Id.

The Commonwealth's evidence proved that before the victim was shot he saw Jackson and another man, both of whom had guns. Although the Commonwealth's witness testified that only Jackson had approached her husband before she ran back to her apartment, she was in her apartment behind a closed door when the victim was shot. Jackson's counsel had learned a day before trial that a person who was not on the Commonwealth's witness list had seen several persons leaving the vicinity of the shooting.[1] Counsel

---

[1]On the day prior to trial, when Jackson's counsel argued in support of the motion for a continuance, she made the following representation to the judge:

> There are a number of potentially exculpatory matters that are contained within his file that we saw yesterday. There is a witness that saw the, heard the shots fired and saw a different number of people running away from the area than the woman who testified at the preliminary hearing whose husband was killed. I mean, there is a difference from a witness out there that we just found out about that is potentially exculpatory for Mr. Jackson. And that we need time to continue to do. I will state for the Court that the Commonwealth did let me see the file prior to the preliminary hearing. I saw it. I did not -- I read it. I did not take any notes. I was not allowed to take notes. It was simply an informal reading of the report that the victim's wife gave to the police at that point. And the Commonwealth had been willing

had an investigator searching for that person to interview as a potential exculpatory defense witness.  Because the Commonwealth's own evidence placed another person in the victim's presence with a gun prior to the shooting, the failure to give Jackson's counsel additional time to locate and interview the missing observer was plain error.

For these reasons, I would hold that the trial judge abused his discretion in refusing to grant a reasonable continuance. Thus, I would reverse the convictions and remand for a new trial.

---

to give me the file.  The problem is that when we take notes yesterday and find this witness that's differs from the Commonwealth's witness, I feel that we have an obligation at that point to try to track down this potentially exculpatory witness.