COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


STEPHEN CLYDE MOTTERN
                                     MEMORANDUM OPINION[*] BY
v.          Record No. 1691-95-4   JUDGE ROSEMARIE ANNUNZIATA
                                         OCTOBER 29, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  Benjamin N. A. Kendrick, Judge

          Tracy A. Thompson (Powell & Thompson, P.C.,
          on brief), for appellant.

          John H. McLees, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Following a bench trial, appellant, Stephen Clyde Mottern,

was convicted of driving while intoxicated.  Appellant contends

the trial court erred in denying his request for a continuance to

secure the presence of two individuals who witnessed his arrest.

 We disagree and affirm.

                              I.

     On the early morning of July 6, 1994, appellant was arrested

for driving while having a blood alcohol concentration in excess

of .08 percent.  Michelle and J. R. Thornton accompanied

appellant at the time.  The Thorntons were stationed in Germany

with the United States Air Force and were on leave in the United

States.  On July 13, 1994 appellant requested an expedited trial

to ensure the presence of his witnesses, the Thorntons.  Trial

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

was set for July 19, 1994, at which time appellant and his two witnesses appeared. The Commonwealth, however, requested a continuance to cure a defect in the breath certificate. The motion was denied, and the Commonwealth requested a nolle prosequi. Appellant was re-arrested and a new trial date was set for August 3, 1994. Appellant filed a motion to dismiss on the ground that the Thorntons had returned to Germany for an indeterminate amount of time. The court entered another nolle prosequi. On September 19, 1994, appellant was directly indicted for the same offense. Appellant filed another motion to dismiss, in which appellant states

> [t]he Thorntons were able to provide material testimony relative to [appellant's] appearance and demeanor, as well as his performance of field tests. They also would have been able to present material testimony contradicting the officers' version of events regarding the stop itself.

Appellant relies on this statement as his proffer to the trial court of the Thorntons' expected testimony. The court denied appellant's motion to dismiss, but it granted a continuance upon appellant's suggestion that the court select a day in July 1995 for trial. Trial was then set for July 10, 1995. On July 5, 1995, appellant requested another continuance on the ground that the Thorntons would not return to the United States until later that year. Appellant stated he was uncertain when the Thorntons would return but that the earliest date would be December 1995 or January 1996, when their tour of duty was completed. He stated

the Thorntons would know their return date by September 1995, and he requested a continuance until January 1996. The trial court denied appellant's motion for a continuance, and trial was conducted July 10, 1995.

At trial, Officer Clagett testified that he observed appellant stop his vehicle in a lane reserved for taxicabs at Washington National Airport. When Clagett honked his horn to get appellant's attention to ask him to move, appellant yelled a profanity at the officer. Clagett approached appellant and directed him to pull over and stop his vehicle. He then requested that appellant produce his driver's license and remain in his vehicle. Appellant exited his vehicle, and Clagett again instructed him to remain inside. Clagett attempted to write a traffic summons for appellant, but appellant exited his vehicle twice more and approached the officer, shouting profanities at him. Clagett called for backup, and Officer Lowery responded. Clagett then began to place appellant under arrest for obstructing a law enforcement officer. As he placed handcuffs on appellant, Clagett noticed that appellant smelled of alcohol. Clagett had not detected the odor of alcohol during his initial contact with appellant.

Officer Lowery testified that appellant smelled of alcohol and that his eyes were bloodshot and his speech slow and slurred. Lowery conducted field sobriety tests, and appellant took an alco-sensor test. Lowery testified that appellant had no

difficulty communicating and that he did nothing to impede the administration of the breath test. Following the tests, Clagett arrested appellant for driving while intoxicated and transported him to Arlington County Detention Center where a breath test was administered by Officer Rodriguez. Following the testimony of both Officers Clagett and Lowery, appellant attempted to proffer the Thorntons' expected testimony. The court, however, sustained the Commonwealth's objection that the proffered testimony was hearsay.

The breath certificate was not admitted into evidence at trial, but Rodriguez testified regarding the results of the breath test, which indicated .10 grams per 210 liters of breath. Appellant objected to Rodriquez's testimony on the grounds that the "Attest" portion of the breath certificate lacked a date and that the test was administered in excess of two hours after appellant had operated a motor vehicle. The court denied appellant's objections.

Appellant argued a motion to strike the Commonwealth's evidence on the grounds that the police officers had no probable cause or reasonable suspicion to believe appellant was under the influence of alcohol and that the breath test had been administered too late. The court denied appellant's motion. Appellant presented no evidence, and the trial court convicted him.

II.

The decision whether to grant a continuance is committed to the sound discretion of the trial court. E.g., Gray v. Commonwealth, 16 Va. App. 513, 516, 431 S.E.2d 86, 88 (1993). "Where the proponent of a continuance fails to indicate that a missing witness is material, there is no abuse of discretion in denying the continuance." Id. at 518, 431 S.E.2d at 89; see also Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 319-20 (1977); Lacks v. Commonwealth, 182 Va. 318, 323-24, 28 S.E.2d 713, 716 (1944).

Code § 18.2-266(i) prohibits driving while the driver has a blood alcohol concentration (BAC) of .08 percent or more as indicated by a chemical test administered pursuant to the statute. Code § 18.2-268.2(B) provides that any person arrested for a violation of Code § 18.2-266(i) shall submit to a breath test, the results of which are documented in a certificate issued pursuant to Code § 18.2-268.9. The issue under Code § 18.2-266(i) is "not whether a driver was in fact `under the influence of alcohol' to a degree that his ability to drive safely was affected; rather, the issue is whether at the time he was driving his [BAC] was at least [.08] percent." Davis v. Commonwealth, 8 Va. App. 291, 298, 381 S.E.2d 11, 15 (1989); Lemond v. Commonwealth, 19 Va. App. 687, 693, 454 S.E.2d 31, 35 (1995). The effect of Code § 18.2-266(i) is to create a rebuttable presumption "that the [BAC] while driving was the same as indicated by the results of the subsequent test." Davis, 8

- 5 -

Va. App. at 300, 381 S.E.2d at 16; Lemond, 19 Va. App. at 693, 454 S.E.2d at 35. The presumption may be rebutted where, for example, the evidence shows that the accused consumed alcohol since driving or that the accused had not consumed enough alcohol in the relevant time to have reached the level indicated by the test results at the time he was driving. See Davis, 8 Va. App. at 300, 381 S.E.2d at 16; Lemond, 19 Va. App. at 694, 454 S.E.2d at 35; Kehl v. Commonwealth, 15 Va. App. 602, 606, 426 S.E.2d 127, 129-30 (1993).

In the present case, appellant was convicted upon evidence that his BAC exceeded .08 percent. Although the breath certificate was not admitted into evidence, Officer Rodriquez testified that the results of the breath test showed appellant's BAC was .10 percent. Appellant objected to Rodriquez's testimony on the grounds that the certificate was facially defective and that the test was conducted too late. The court overruled appellant's objections, and appellant does not challenge these rulings on appeal. Accordingly, we consider the testimony of Officer Rodriquez properly admitted under the law of this case.

We assume, without deciding, that appellant's proffer of the Thorntons' expected testimony was sufficient to provide a "basis for adjudication" of the issue before us. See Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977). It is clear that appellant expected the Thorntons to testify concerning the events surrounding the stop, appellant's appearance and

- 6 -

demeanor at the time of the stop, and appellant's performance on the field sobriety tests.  Contrary to appellant's contention, however, it is equally clear that such testimony would in no way rebut the presumption that appellant's BAC, as determined by the breath test, exceeded .08 percent at the time he was driving.  See, e.g., Davis, 8 Va. App. at 300, 381 S.E.2d at 16 (whether accused under the influence of alcohol not at issue in prosecution under Code § 18.2-266(i)).

In light of the admission of the test results through the testimony of Officer Rodriquez, the proffered testimony was not material to the case at bar.  Thus, we find no error in the trial court's denial of appellant's motion for a continuance.

Accordingly, we affirm appellant's conviction.

Affirmed.