COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia


CLARENCE WILLIAMS, JR.

MEMORANDUM OPINION[*] BY
v.   Record No. 2423-96-2         JUDGE LARRY G. ELDER
                                   OCTOBER 28, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

D. Gregory Carr (Cary B. Bowen; Bowen,
Bryant, Champlin & Carr, on briefs), for
appellant.

John K. Byrum, Jr., Assistant Attorney
General (Richard Cullen, Attorney General, on
brief), for appellee.


Clarence Williams, Jr. (appellant) appeals his convictions

of capital murder, in violation of Code § 18.2-31(7), and of

using a firearm during the commission of capital murder, in

violation of Code § 18.2-53.1. He makes five assignments of

error. He contends that the trial court erred when it (1) denied

his motion for a continuance; (2) admitted out-of-court

statements made by one of the murder victims; (3) denied his

motion for a mistrial after a witness for the Commonwealth

testified that appellant's former counsel informed the

Commonwealth's attorney about appellant's jailhouse confession to

the witness; (4) denied his motion for a mistrial after the

Commonwealth's attorney made references to the nature of his

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

prior convictions; and (5) overruled his motions to exclude a jury instruction on "concert of action" and include an instruction on second degree murder. For the reasons that follow, we affirm.

## I.

## BACKGROUND

On April 19, 1996, at approximately 8:30 a.m., Vicki Hodge, Travis Hill, and Lori Johnson were murdered in Hodge's apartment at 615 East 16th Street in the City of Richmond. All three died from gunshot wounds to the head fired at close range from a 9mm pistol.

On July 8, 1996, a Richmond grand jury charged appellant with the capital murder of Hodge, Hill, and Johnson "as part of the same act or transaction," and of using a firearm during the commission of capital murder. Appellant was tried by a jury on September 26 and 27 and convicted of these crimes. On appeal, appellant does not argue that the evidence was insufficient to support his conviction. Instead, he raises five procedural errors that he contends occurred during his trial.

## II.

## MOTION FOR A CONTINUANCE

Appellant contends that the trial court erred when it denied his motion to secure the presence of three missing witnesses: Linda Connor, Yahya Murrell, and Corey Brown. We disagree.

"'[A] motion for a continuance in order to obtain the

presence of a missing witness is addressed to the sound discretion of the trial court . . . .'" Cherricks v. Commonwealth, 11 Va. App. 96, 99, 396 S.E.2d 397, 399 (1990) (quoting Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 319 (1977)).  The trial court's discretion "'must be exercised with due regard to the constitutional guaranty of a fair and impartial trial to one accused of crime, and the right to call for evidence in his favor.'"  Id. (quoting Lacks v. Commonwealth, 182 Va. 318, 323, 28 S.E.2d 713, 715 (1944)).  The trial court's decision whether to grant or deny a continuance will not be reversed on appeal unless the record affirmatively shows both an abuse of discretion and prejudice to the moving party.  See Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994); Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986).

It is well established that a litigant's request for a continuance cannot be based on speculation.  See Cardwell, 248 Va. at 508, 450 S.E.2d at 151; Stewart v. Commonwealth, 10 Va. App. 563, 569, 394 S.E.2d 509, 513 (1990); Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 510 (1990). The party moving for a continuance has the burden to show (1) that the missing witness is "material," see Gray v. Commonwealth, 16 Va. App. 513, 518, 431 S.E.2d 86, 89 (1993) (citing Shifflett, 218 Va. at 30, 235 S.E.2d at 319-20); (2) that the party exercised diligence to procure the witness' presence,

see Shifflett, 218 Va. at 30, 235 S.E.2d at 319-20 (citing Atkinson v. Neblett, 144 Va. 220, 226-27, 132 S.E. 326, 328 (1926)); and (3) "that it is likely that the witness would be present at a later date," Chichester v. Commonwealth, 248 Va. 311, 322, 448 S.E.2d 638, 646 (1994). Specifically, the content of a witness' expected testimony must be set forth in the trial record by either "(1) a unilateral avowal of counsel, if unchallenged; (2) a mutual stipulation of the parties; or (3) the taking of testimony of the witness outside the presence of the jury." Lowery, 9 Va. App. at 307, 387 S.E.2d at 510.

We hold that appellant has not presented a sufficient record for us to properly review the denial of a continuance based on the absence of Linda Connor and Yahya Murrell. Specifically, appellant failed to set forth in the trial record the expected content of either witness' testimony. Regarding Linda Connor, appellant's counsel asserted to the trial court that she was an "alibi witness," but never proffered the alibi to which she would testify. Like the bare assertion that a missing witness is "material," the unsubstantiated avowal that a witness will provide an "alibi" without some indication of the content of her testimony does not enable this Court to determine whether the witness' absence at trial caused prejudice to the party who sought the continuance. Compare Lowery, 9 Va. App. at 305-08, 387 S.E.2d at 509-10, with Lacks, 182 Va. at 321-22, 324, 28 S.E.2d at 714-15, 715. Likewise, appellant's counsel did not

-4-

indicate that Murrell would provide favorable or exculpatory evidence on appellant's behalf. Because the record does not affirmatively indicate that either Connor or Murrell was material to appellant's case, we cannot say without speculating that their absence prejudiced appellant's defense. See Stewart, 10 Va. App. at 569, 394 S.E.2d at 513.

We also hold that the trial court did not err when it refused to grant appellant a continuance to secure the presence of Corey Brown because appellant did not establish the likelihood that Brown would be available at a later date. Appellant's counsel proffered that "Brown had confessed to [a third party] about the killing in some detail." He stated that he had unsuccessfully "attempted to locate [Brown] through the investigator" and that he "[had] not been able to even make contact with [Brown]." In light of Brown's constitutional privilege against self-incrimination and the fact that appellant provided no basis for the trial court to believe that Brown would waive this right and claim responsibility for the triple murder if called at trial, we cannot say that the trial court abused its discretion when it denied appellant a continuance to secure Brown's presence.

## II.

### VICTIM'S OUT-OF-COURT STATEMENTS

Appellant contends that the trial court erred when it admitted Officer Lewis' testimony regarding the out-of-court

statements of Vicki Hodge, one of the murder victims, that appellant damaged her property and threatened to kill her a few days before she was murdered. He argues that Hodge's statements were hearsay not within an exception. The Commonwealth argues that appellant failed to preserve this issue for appeal because he did not object to Officer Lewis' testimony. We agree with the Commonwealth.

It is a well established component of this Court's procedure that the only issues we may consider as a basis for reversal are those that have been "preserved" in accordance with Rule 5A:18 or that fall within one of Rule 5A:18's exceptions. Rule 5A:18 states in relevant part:

> No <u>ruling</u> of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable [this Court] to attain the ends of justice.

(Emphasis added). The purpose of Rule 5A:18 is to avoid unnecessary appeals, reversals, and mistrials by requiring litigants to inform the trial judge of the action complained of so that the judge has the opportunity to consider the issue intelligently and take timely corrective action. See <u>Robinson v. Commonwealth</u>, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992).

We hold that Rule 5A:18 bars our consideration of the admissibility of Officer Lewis' testimony regarding Hodge's out-of-court statements because there is no "ruling" on this issue by the trial court for us to reverse or affirm. Although

we agree with appellant that references were made to the admissibility of Hodge's statements during the oral argument on his motion in limine, the only ruling actually made by the court pertained to the admissibility of the warrants which were never introduced by the Commonwealth at trial.

The record indicates that, despite appellant's references to Hodge's statements, the trial court never ruled on their admissibility prior to Officer Lewis' testimony, making it incumbent upon appellant to object at that time. During the initial round of argument on appellant's motion in limine to exclude the warrants, appellant's counsel referred to the out-of-court statements made by Hodge to both the police and the magistrate. Appellant's counsel and the trial court had the following exchange:

| | |
|---|---|
| APPELLANT'S COUNSEL: | Well, it's our understanding that [the Commonwealth's attorney] would argue that [a warrant] is a Court document. We would disagree with all respect. We have submitted a memorandum in support of that, and it would be our position that what she told the officer or what she told the magistrate is beyond -- |
| TRIAL COURT: | What she told the magistrate would not be admissible unless she comes in and testifies herself. |
| APPELLANT'S COUNSEL: | She is deceased, Judge. |
| TRIAL COURT: | Well, she won't be here, then. |
| APPELLANT'S COUNSEL: | Yes, sir. |

TRIAL COURT:                     But, I think it's possible for
                                 the Commonwealth to show the
                                 deceased took out a warrant
                                 against [appellant] and that
                                 would be a motive for her
                                 death.

The trial court's response to appellant's counsel's comments
indicated that it did not think that Hodge's out-of-court
statements would be admissible _if_ offered by the Commonwealth.
However, the trial court's statements also indicate that the only
issue it believed was before it was the admissibility of the
_warrants_, not Hodge's out-of-court statements.  In either case,
the trial court declined to rule on appellant's motion _in_ _limine_
at this time and instead stated that it was taking the matter
under advisement "until [it] hear[d] the evidence."

The record indicates that the trial court never reconsidered
the admissibility of Hodge's out-of-court statements prior to
Officer Lewis' testimony.  When the trial court revisited
appellant's motion _in_ _limine_, the context and wording of its
ruling indicate that it made only one ruling -- that the _warrants_
were admissible.  The Commonwealth's first witness was Officer
Lewis, who testified about Hodge's out-of-court statements
without objection by appellant.

### III.

MOTION FOR MISTRIAL REGARDING ANDERSON'S TESTIMONY

Appellant contends that the trial court abused its
discretion when it denied his motion for a mistrial based upon
the testimony of Larry Anderson.  He argues that Anderson

unfairly bolstered the credibility of his testimony by testifying that appellant's former counsel conveyed his statement about appellant's jailhouse confession to the Commonwealth's attorney. We disagree.

Whether to grant a mistrial rests within the sound discretion of the trial judge, and "absent a showing of abuse of discretion, the court's ruling will not be disturbed on appeal." Cheng v. Commonwealth, 240 Va. 26, 40, 393 S.E.2d 599, 607 (1990). "When a motion for a mistrial is made, based upon an allegedly prejudicial event, the trial court must make an initial factual determination, in the light of all the circumstances of the case, whether the defendant's rights are so 'indelibly prejudiced' as to necessitate a new trial." Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990). "Whether improper evidence is so prejudicial as to require a mistrial is a question of fact to be resolved by the trial court in each particular case." Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993). "A trial court's ruling will be permitted to stand unless it is made to appear probable that the party complaining has been substantially prejudiced by the objectionable remarks or arguments." Martinez v. Commonwealth, 10 Va. App. 664, 669, 395 S.E.2d 467, 470 (1990), aff'd as modified, 241 Va. 557, 403 S.E.2d 358 (1991); see also Beavers, 245 Va. at 280, 427 S.E.2d at 420 (stating that denial of mistrial will be reversed on appeal "[w]hen the evidence is so

prejudicial that it 'probably remained on the minds of the jury and influenced their verdict'").

We hold that the trial court did not abuse its discretion when it denied appellant's motion for a mistrial based upon Anderson's testimony about his interaction with appellant's former counsel. The trial court found that Anderson's testimony on this subject was not likely to influence the jury's credibility determination in a manner prejudicial to appellant, and we cannot say that this conclusion was wrong as a matter of law. Anderson's testimony about appellant's former counsel was elicited near the end of a long line of questioning during his direct examination that told the chronological "story" of how Anderson came to learn of appellant's confession. His allegedly prejudicial comment was in response to a question about the timing of his decision to disclose appellant's confession to this attorney, who was also his counsel. The question was not worded in a way that either asked for or drew attention to the subsequent actions of appellant's former counsel. Moreover, Anderson's testimony on this topic was immediately followed by testimony that damaged his credibility: Anderson admitted that the Commonwealth had dropped all pending charges against him and had paid his bills and moving expenses. When considered in context, it is unlikely that Anderson's testimony about appellant's former counsel lingered prejudicially on the minds of the jury.

## IV.
### MOTION FOR MISTRIAL REGARDING QUESTIONS AND COMMENTS
### ABOUT APPELLANT'S PRIOR CONVICTIONS

We also disagree with appellant that the trial court abused its discretion when it denied his motion for a mistrial after the Commonwealth's attorney made references to the nature of appellant's prior convictions.

During his cross-examination of appellant, the Commonwealth's attorney stated the names of the crimes of which appellant had been previously convicted and made comments insinuating that appellant was lying about his criminal record. Appellant objected to these questions and comments, and the trial court instructed the jury to disregard them. Later in the trial, appellant's counsel moved for a mistrial based on this exchange. The trial court denied appellant's motion, reasoning that it had "full faith in the jury that they will follow the [instruction] of the Court."

We hold that the trial court did not abuse its discretion when it denied appellant's motion for a mistrial following the questions and comments of the Commonwealth's attorney about the nature of appellant's prior convictions. Assuming that the Commonwealth's attorney's references to appellant's prior convictions were improper, the trial court immediately instructed the jury to disregard them. Generally, a trial court may cure errors arising from inadmissible evidence or improper argument by promptly instructing the jury to disregard what they just heard.

-11-

See LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983); Lewis v. Commonwealth, 211 Va. 80, 83, 175 S.E.2d 236, 238 (1970).  "'Unless the record shows to the contrary, it is presumed that the jury followed an explicit cautionary instruction promptly given.'"  Albert v. Commonwealth, 2 Va. App. 734, 741, 347 S.E.2d 534, 538 (1986) (quoting LeVasseur, 225 Va. at 589, 304 S.E.2d at 657).  Nothing in the record indicates that the jury failed to abide by the trial court's instruction.  See Beavers, 245 Va. at 280, 427 S.E.2d at 420 (stating that "a judgment will not be reversed for the improper admission of evidence that a court subsequently directs a jury to disregard").

V.

JURY INSTRUCTIONS

Appellant contends that the trial court erred when it overruled his objection to the jury instruction regarding "concert of action" and when it refused his request for an instruction on second degree murder.  We disagree.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'"  Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).  "'Both the Commonwealth and the defendant are entitled to appropriate instructions to the jury of the law applicable to each version of the case, provided

such instructions are based upon the evidence adduced.'"
Stewart, 10 Va. App. at 570, 394 S.E.2d at 514 (quoting Simms v. Commonwealth, 2 Va. App. 614, 616, 346 S.E.2d 734, 735 (1986)).
"The evidence to support an instruction 'must be more than a scintilla.'" Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986). When determining whether sufficient evidence warranted a particular instruction, we view the evidence in the light most favorable to the party offering the instruction. See Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991).

## A.

### CONCERT OF ACTION

We hold that the trial court did not err when it instructed the jury on "concert of action." "Concerted action is defined as '[a]ction that has been planned, arranged, adjusted, agreed on and settled between parties acting together pursuant to some design or scheme.'" Rollston v. Commonwealth, 11 Va. App. 535, 542, 399 S.E.2d 823, 827 (1991). "All participants in such planned enterprises may be held accountable for incidental crimes committed by another participant during the enterprise even though not originally or specifically designed." Berkeley v. Commonwealth, 19 Va. App. 279, 283, 451 S.E.2d 41, 43 (1994). In this case, more than a scintilla of credible evidence supported the Commonwealth's theory that appellant was responsible for the murders under a concert of action theory. At trial, a witness

who lived in the apartment adjacent to the one in which the murders were committed, testified that he heard five or six shots in rapid succession coming from the apartment around 8:30 a.m. on April 19. He testified that thirty seconds later he heard two separate pairs of footsteps descending from the apartment. He then looked through the peephole in his front door and saw appellant followed by his brother "running real fast" around the corner of the apartment building. Based on this evidence, the jury could conclude that appellant's brother was the triggerman and that appellant was guilty of capital murder and of using a firearm during the commission of capital murder due to their concerted action.

## B.

### SECOND DEGREE MURDER

We also hold that the trial court properly refused to grant appellant an instruction on second degree murder. First, it is well established that a defendant accused of capital or first degree murder is not entitled to an instruction on second degree murder based on the legal presumption that all homicides are second degree murder. See Buchanan v. Commonwealth, 238 Va. 389, 409, 384 S.E.2d 757, 769 (1989). Instead, "[a] second degree murder instruction is only appropriate where it is supported by the evidence." Id. (citation omitted).

In addition, the evidence, even when viewed in the light most favorable to appellant, does not warrant a second degree

murder instruction.  The element of premeditation is an essential element of capital murder and is what distinguishes first degree murder from second degree murder.  See Code §§ 18.2-31, 18.2-32; Smith v. Commonwealth, 220 Va. 696, 700, 261 S.E.2d 550, 553 (1980).  "To premeditate means to adopt a specific intent to kill."  Smith, 220 Va. at 700, 261 S.E.2d at 553.  The specific intent to kill "may be formed only a moment before the final act is committed provided the accused had time to think and did intend to kill."  Giarratano v. Commonwealth, 220 Va. 1064, 1074, 266 S.E.2d 94, 100 (1980).  "It is the will and purpose to kill, not necessarily the interval of time, which determine the grade of the offense."  Akers v. Commonwealth, 216 Va. 40, 48, 216 S.E.2d 28, 33 (1975).

In this case, no evidence in the record supports the theory that the person who committed the murders did so without premeditation.  The manner in which the victims were murdered -- all were shot in the head at close range within a span of ten seconds -- is strong circumstantial evidence that the murderer had a pre-formed, specific intent to kill.  No evidence in the record suggests that the victims and the murderer argued or struggled prior to the shootings.  In his case-in-chief, appellant offered evidence that he was sleeping at his grandmother's at the time of the killings and that another person, Corey Brown, confessed to the killings.  However, appellant's alibi has no tendency to prove that the murders were

-15-

committed with malice rather than premeditation.  In addition, even the testimony about Brown's confession indicated that, if Brown committed the murders, he did so with premeditation. Because none of the evidence suggests that the murders themselves were committed with mere malice, the trial court did not err when it refused appellant's request for an instruction on second degree murder.

For the foregoing reasons, we affirm the convictions of capital murder and use of a firearm during the commission of capital murder.

<u>Affirmed.</u>