In the Supreme Court of Virginia held at the Supreme Court building in the City of Richmond on Friday, the 9th day of June, 2000.

Clifton S. Longshore, Jr.,                                    Appellant,

 against        Record No. 992269
                Court of Appeals No. 1007-98-1

Commonwealth of Virginia,                                    Appellee.


              Upon an appeal from a judgment rendered by the Court of
        Appeals of Virginia on the 13th day of July, 1999.


     Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the Court of Appeals.

     The circuit court permitted the Commonwealth to introduce the testimony of an absent witness into evidence by reading that witness's prior testimony as contained in a transcript of the preliminary hearing on this felony charge.  At that preliminary hearing, the defendant called the witness and questioned him about the robbery that occurred in the "bullpen" of a jail and the fact that the witness did not report what he observed to any jail personnel at that time.  Although the Commonwealth issued a summons for the absent witness to appear at the trial in the circuit court, the witness could not be located and was never served with the summons.

     The defendant objected to the introduction of the absent

witness's testimony and now claims that the requirements for admitting prior testimony of an unavailable witness were not satisfied and that the use of the absent witness's testimony at the defendant's trial in circuit court violated the defendant's constitutional right to confront the witnesses against him.

We have previously held that the preliminary hearing testimony of a witness who is absent at a subsequent criminal trial may be admitted into evidence if the following conditions are satisfied: (1) that the witness is presently unavailable; (2) that the prior testimony of the witness was given under oath (or in a form of affirmation that is legally sufficient); (3) that the prior testimony was accurately recorded or that the person who seeks to relate the testimony of the unavailable witness can state the subject matter of the unavailable witness's testimony with clarity and in detail; and (4) that the party against whom the prior testimony is offered was present, and represented by counsel, at the preliminary hearing and was afforded the opportunity of cross-examination when the witness testified at the preliminary hearing. Shifflett v. Commonwealth, 218 Va. 25, 28, 235 S.E.2d 316, 318 (1977). See also Fisher v. Commonwealth, 217 Va. 808, 812-13, 232 S.E.2d 798, 801-02 (1977).

In the present case, all these requirements were fulfilled. Specifically with regard to the defendant's opportunity to cross-examine the witness at the preliminary hearing, the record shows that, even though the defendant, rather than the Commonwealth,

called the witness, the court did not limit the defendant's questioning of the witness nor did the Commonwealth object to any question. Furthermore, since the defendant called the witness, his questions were not limited by the scope of the Commonwealth's direct examination. In other words, the defendant tested the witness's testimony to the full extent that he chose to do and he had more than a mere opportunity to conduct the equivalent of cross-examination. See Ohio v. Roberts, 448 U.S. 56, 71 (1980). Thus, we find no error, constitutional or otherwise, in permitting the use of the absent witness's prior testimony at the trial of this felony charge.

It is ordered that the Circuit Court of the City of Chesapeake allow counsel for the appellant a fee of $725 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

The Commonwealth shall recover of the appellant the amount paid court-appointed counsel to represent him in this proceeding, counsel's costs and necessary direct out-of-pocket expenses, and the costs in this Court and in the courts below.

_____

SENIOR JUSTICE WHITING, with whom JUSTICE HASSELL joins, dissenting.

I am unable to agree with the majority for the following reasons. I do not think that the defendant "was afforded the opportunity of cross-examination when the witness testified at the

preliminary hearing," as held by the majority.  In my opinion, simply because "the court did not limit the defendant's questioning of the witness nor did the Commonwealth object to any question," does not mean that the defendant either had or exercised the right of cross-examination at the preliminary hearing.

Nor do I agree that "the defendant tested the witness's testimony to the full extent that he chose to do and he had more than a mere opportunity to conduct the equivalent of cross-examination," as the majority concludes.  The record indicates that the defendant asked a limited number of innocuous leading questions of the witness during his direct examination regarding the witness's recollection of what he had observed during the encounter in the "bullpen" and his failure to promptly report the alleged robbery. Moreover, the record does not indicate that the defendant sought to (1) establish ulterior personal reasons of the witness for unfairly casting blame on the defendant or challenging the witness's veracity as in Ohio v. Roberts, 448 U.S. 56, 71 (1980), (2) impeach the witness in the preliminary hearing by prior inconsistent statements, a tool used in cross-examination, as noted in California v. Green, 399 U.S. 149, 168 (1970), or (3) establish a bias in favor of the Commonwealth in the form of a plea agreement or promise of leniency regarding the pending charges against the absent witness, which probably would be used as an important part of a cross-examination which I think should have been afforded the defendant in the circuit court.

Further, I would reject the Commonwealth's claim that the defendant had "the opportunity" to cross-examine the absent witness at the preliminary hearing as in the case of Fisher v. Commonwealth, 217 Va. 808, 812, 232 S.E.2d 798, 801 (1977). In Fisher (as well as in Shifflett v. Commonwealth, 218 Va. 25, 235 S.E.2d 316 (1977), cited by the majority), the absent witness had testified as a Commonwealth witness at the preliminary hearing and was thus subject to cross-examination by the defendant.

Here, although the absent witness had been called by the defendant at the preliminary hearing, the Commonwealth suggests that the defendant's right of cross-examination was "protected" even though "he did not avail himself of it." The Commonwealth reasons that the defendant's right of cross-examination arose because the absent witness's testimony "was clearly adverse to the defendant when he stated that he saw the defendant rob [the victim]."

None of the three cases that the Commonwealth cites supports its contention. In each case, the witness was held to be adverse for reasons other than the fact that he or she gave testimony unfavorable to the defendant. Trout v. Commonwealth, 167 Va. 511, 514-16, 188 S.E. 219, 220-21 (1936) (Commonwealth surprised by its witness's testimony because of her prior inconsistent statements); Nelson v. Commonwealth, 153 Va. 909, 919, 150 S.E. 407, 410 (1929) (Commonwealth's witness proved adverse or hostile); Pendleton v. Commonwealth, 131 Va. 676, 704, 109 S.E. 201, 211 (1921) (court conducted direct examination of witness because she refused to

discuss case with Commonwealth's Attorney prior to trial).

In my opinion the rule in Virginia is that a witness does not become adverse simply because his or her testimony is adverse or injurious to the calling party's case, as perhaps in the preliminary hearing in this case. Rather, an adverse witness is usually an opposing party or a nonparty witness who has a financial or other personal interest in the outcome of the case, or a witness who gives surprising and unexpected adverse testimony. Butler v. Parrocha, 186 Va. 426, 432-33, 43 S.E.2d 1, 4-5 (1947); Maxey v. Commonwealth, 26 Va. App. 514, 520, 495 S.E.2d 536, 539 (1998).

For these reasons, I would reverse the judgment of the Court of Appeals and remand the case to that Court with directions to remand the case to the circuit court for a new trial to be conducted in accordance with the principles expressed in this dissent.

Justice Lemons took no part in the consideration or decision of this case.

This order shall be certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Chesapeake and shall be published in the Virginia Reports.

A Copy,

Teste:

David B. Beach, Clerk

Costs due the Commonwealth
 by appellant in Supreme
 Court of Virginia:

    Attorney's fee        $725.00 plus costs and expenses

Teste:


    David B. Beach, Clerk