COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Haley and Senior Judge Coleman


ANTHONY L. PEOPLES

MEMORANDUM OPINION[*]

v.       Record No. 0449-07-1                                    PER CURIAM
                                                                NOVEMBER 6, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

(Ali T. Sprinkle; Sprinkle & Sprinkle, on brief), for appellant.
Appellant submitting on brief.

(Robert F. McDonnell, Attorney General; Joanne V. Frye, Assistant
Attorney General, on brief), for appellee.  Appellee submitting on
brief.


Anthony L. Peoples was convicted of distributing heroin and distributing a controlled

substance within one thousand feet of a school.  He argues (1) the evidence was insufficient to

prove he possessed the heroin sold to the undercover officer and (2) the trial court abused its

discretion in denying his request for a continuance.  We disagree and affirm.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence proved Special Agent Freeman

was working undercover making street purchases of narcotics.  Ellen Glover approached

Freeman's car and asked him what he needed.  Freeman told Glover he needed "two soft,"

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

meaning two caplets of heroin.  Glover instructed Freeman to pull to the curb.  Glover approached a man on the other side of the street.  Freeman identified the man as Peoples. Freeman saw Glover and Peoples engage in what appeared to be a hand-to-hand transaction. Glover immediately returned to Freeman's car and handed him two caplets, later identified as heroin.  Freeman paid Glover twenty dollars.  Glover asked for "a little something," and Freeman gave her five dollars.

Officer Johnson, who received and secured the two caplets at the scene from Freeman, testified as an expert on the "use, sale, packaging and distribution of drugs."  He stated that he had been involved in over 100 spotting operations and described as a common practice the arrangement where two individuals work together as a seller and a runner.  Johnson explained that using the technique of runners helps prevent the actual drug dealer from being identified and apprehended by the police.  Johnson explained the extra five dollars Freeman paid Glover was a "cop fee" paid to a runner.

At the close of the Commonwealth's evidence, Peoples requested a continuance after Officer Arzola testified that Officer Natal had been with him during the spotting operation. Peoples had previously subpoenaed Natal, but Peoples' attorney released him because Natal told counsel that he had not been involved in the operation and did not recall the incident.

In explaining the "hand to hand transaction" that Freeman had observed, Peoples testified he had purchased drugs from Glover, snorted them, and was walking away when the officers stopped him.  Peoples testified Natal obtained his identifying information, searched him, and found a small amount of money.  Peoples admitted he had been convicted of several felonies.

ANALYSIS

I.

Peoples argues his conviction was based upon circumstantial evidence and he presented credible testimony proving he purchased drugs from Glover for his own use and he was not involved in selling heroin to Freeman.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986).

The trial judge heard the testimony of the witnesses and necessarily rejected Peoples' contention that he was Glover's customer. At the conclusion of the evidence, the trial judge found that if Glover possessed heroin when she approached Freeman, Glover would have immediately sold it to Freeman and there would have been no reason for her to interact with Peoples. The trial judge found that there was a hand-to-hand transaction between Glover and Peoples, that Glover immediately went to Freeman's car, and that she sold Freeman the heroin. After reviewing the evidence, the trial judge stated he "firmly" believed Peoples distributed the

- 3 -

heroin with the assistance of Glover.  The evidence was sufficient to support the trial judge's

decision that Peoples supplied the heroin sold to Freeman.

II.

Peoples argues the trial judge abused his discretion in denying Peoples' motion for a

continuance to obtain the presence of Natal at trial as a witness.

"A motion for a continuance in order to obtain the presence of a missing witness is

addressed to the sound discretion of the trial court whose decision will not be reversed unless the

record affirmatively shows an abuse of such discretion." Shifflett v. Commonwealth, 218 Va.

25, 30, 235 S.E.2d 316, 319 (1977).  "[A]bsent a showing of prejudice to a defendant by the

denial of a continuance, an appellate court will not find that a trial court abused its discretion."

Cardwell v. Commonwealth, 248 Va. 501, 509, 450 S.E.2d 146, 151 (1994).

Peoples subpoenaed Natal, and defense counsel spoke to him.  Natal told defense counsel

that he was not involved in the spotting operation and did not remember the incident.  After

defense counsel spoke to Natal, she released him as a witness.  Natal was out of town at the time

of Peoples' trial.  At the conclusion of the Commonwealth's case, Peoples asked for a

continuance after Arzola testified Natal was in fact present when Arzola asked for Peoples'

identification.  Peoples did not proffer what Natal's testimony would have been, other than he

was present when Arzola asked for identification.  In denying Peoples' request for a continuance,

the trial judge found that since Natal had no recollection of the incident, he could not be a

material witness.  No evidence showed that Natal witnessed the hand-to-hand transaction, and

Peoples has failed to show he was prejudiced by the denial of the continuance request.  Based

upon a review of the circumstances, the record fails to establish that the trial judge abused his

discretion in denying Peoples' request for a continuance.

Based upon the foregoing, Peoples' convictions for distribution of heroin and distribution of a controlled substance within one thousand feet of a school are affirmed.

Affirmed.