Present:  Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Stephenson, Senior Justice

KARSENE PADEN

v.  Record No. 991920     OPINION BY JUSTICE ELIZABETH B. LACY
                                        April 21, 2000
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal of a criminal conviction, we consider
whether certain evidence was properly admitted by the trial
court.

Karsene Paden was charged with robbery at a Regal Cinema
Theater in Hampton.  He was tried, along with two
codefendants, in a bench trial before the Circuit Court of the
City of Hampton.  The trial court found Paden guilty of the
offenses charged and the Court of Appeals denied Paden's
petition for appeal by unpublished order.  Paden v.
Commonwealth, Record No. 2567-98-1, May 5, 1999.  We awarded
Paden an appeal.

Paden first objects to the admission into evidence of
testimony by Detective George Burton concerning a statement
made by Olivier D. Dixon, one of Paden's codefendants.
Detective Burton testified that Dixon told him that Paden "was
the first one to go up stairs" at the movie theater, that
Paden, accompanied by Antwan Kingsberry, was "going down the
hall with the mask on," that Dixon saw Kingsberry and Paden

putting money into a bag, and that before the group left the theater, Paden gave Dixon $100.  Paden argues that this testimony was hearsay and thus inadmissible.

Paden acknowledges that Detective Burton's testimony regarding Dixon's statement would have been admissible as an exception to the hearsay rule if the Commonwealth had established that Dixon was unavailable to testify, that the declaration was against Dixon's penal interest, and that the statement was reliable.  Ellison v. Commonwealth, 219 Va. 404, 408, 247 S.E.2d 685, 688 (1978).  However, Paden asserts that the Commonwealth failed to establish any of these factors.

According to Paden, the Commonwealth did not establish the first factor, Dixon's unavailability to testify, because Dixon was present at trial and his attorney stated that Dixon was prepared to testify.  The Commonwealth argues that, regardless of the representations made by Dixon's counsel, Dixon was unavailable to testify because Dixon could not be compelled to give evidence against himself and because the decision whether to testify was personal to Dixon and not his attorney.

The Commonwealth correctly recites the rights of codefendant Dixon.  Nevertheless, until Dixon asserted those rights, he remained available to testify.  Under these circumstances, the Commonwealth failed to establish that Dixon

2

was unavailable to testify, and the trial court therefore erred in admitting the hearsay testimony of Detective Burton. Id.; see also Atkins v. Commonwealth, 257 Va. 160, 176, 510 S.E.2d 445, 455 (1999)("Nor could the statement have been admitted as being against penal interest, since Atkins, the declarant, was not 'unavailable' to testify at trial, which is a prerequisite to invoke that exception to the hearsay rule."); Chandler v. Commonwealth, 249 Va. 270, 279 n.1, 455 S.E.2d 219, 224 n.1 (1995)("To be an admissible declaration against penal interest, the statement must also be made by an unavailable declarant.").

Paden also asserts that the trial court erred in admitting a letter written by Paden to his brother, codefendant Antwan Kingsberry, while both were in jail.  The letter, in pertinent part, stated:

> [T]his is the deal.  I'm going to need to know what you told your lawyer about the case.  Even though I haven't seen my lawyer yet I know what I'm saying. I going to deny every thing.  If my lawyer asks me, why would he involve my name, I'm going to say me & him had an altercation about 8 or 9 months, meaning he stole some money and a pager from me & haven't liked each other since.  As far as you and I, on the day of the robbery, I saw you early that morning and that was it.  I was with Kashamere that day cause I was suppose to baby sit for her.  Yo, MAKE SURE you tell me everything you told your lawyer . . .

Paden objected to the admission of this letter asserting it was not an admission or "statement against self interest."  We disagree.

This statement can be interpreted as an attempt by Paden to establish an alibi through statements consistent with his codefendant Kingsberry and, thereby, conceal his guilt. Extra-judicial admissions that tend to show guilt, even if not confessions, are admissible as party admissions.  Prince v. Commonwealth, 228 Va. 610, 613, 324 S.E.2d 660, 662 (1985). Accordingly, the trial court did not err in admitting the letter written by Paden into evidence.

For the error in admitting Dixon's statements, the order of the Court of Appeals will be reversed and the conviction will be vacated.  The case will be remanded to the Court of Appeals with direction that it be remanded to the Circuit Court for a new trial if the Commonwealth be so advised.

Vacated, reversed and remanded.