COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons[*] and Frank
Argued at Chesapeake, Virginia


ANTWAN M. KINGSBERRY

                                 MEMORANDUM OPINION[**] BY

v.    Record No. 0142-99-1         JUDGE ROBERT P. FRANK
                                   AUGUST 22, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Jay E. Dugger (McDermott & Roe, on brief),
for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Antwan M. Kingsberry (appellant) appeals his convictions after a bench trial of robbery in violation of Code § 18.2-58, use of a firearm in the commission of a robbery in violation of Code § 18.2-53.1, and wearing a mask in public in violation of Code § 18.2-422.  On appeal, he contends the trial court erred in:  1) admitting into evidence the statement of codefendant Olivier Dixon, 2) admitting into evidence a letter written by codefendant Karsene Paden, and 3) finding the evidence sufficient to support

---

[*] Justice Lemons participated in the hearing and decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

[**] Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

the convictions. In finding the trial court erred in admitting the statement of codefendant Dixon, we reverse and remand for further proceedings if the Commonwealth be so advised.

## I. BACKGROUND

On November 29, 1997, the general manager, Tom Sawyer, and two employees, Eileen Metheny and Jenny Jamison, of the Regal Cinema in Hampton were counting the day's receipts in an upstairs office. They heard loud noises outside the office, and Sawyer went into the hallway to investigate. He returned to the office with his hands raised and told Metheny and Jamison not to move. Then, three masked men, who were carrying guns, entered the room. Jamison testified that all three men were black. The men ripped the phone lines from the wall. One of the men struck Sawyer in the head with a gun. The men took the bag of money from the counter and left the office.

On December 10, 1997, Detective George Burton of the Hampton Police Department arrested Dixon in connection with the robbery at the Regal Cinema. At trial, Detective Burton testified as to the statement Dixon made to the police. Appellant's counsel objected to the admission of Burton's testimony on the basis of hearsay. Appellant's counsel asserted that Dixon was available to testify, and, therefore, his statement was inadmissible hearsay. Counsel for Dixon stated that Dixon was present and willing to testify. Dixon eventually testified on behalf of appellant and on behalf of

-

himself. The trial court overruled the objection and admitted Burton's testimony regarding Dixon's statement to the police.

Burton testified that Dixon told the police he went to Regal on November 29, 1997, with the intent of getting in to see a free movie. He told the police he was with two friends, Karsene Paden and another man he knew only by the last name of Kingsberry. Dixon identified photographs of Paden and appellant as the two men who were with him at Regal. Dixon told the police that Paden was the first person to go upstairs in the theater. Paden propped open a door and allowed appellant to come inside. Dixon then went upstairs to see what was happening. He told police that he saw appellant and Paden going down a hall with masks on. He said that he saw them go into a room he described as the "money counting room." He said he knew the room's purpose because he had been in the room with a former Regal employee. He said that he looked into the room and saw Paden and appellant putting money into a backpack. He also said Paden had a gun. Dixon stated he then went downstairs. Paden and appellant came downstairs, and Paden gave him $100.

Perry Mendel testified that he had been incarcerated at the Hampton City Jail when Paden told him that he and two other men had robbed the Regal Cinema using guns and got $7,000. Paden then described how he and the other men spent the money.

On April 5, 1998, Richard Elrod, a former employee at the Hampton City Jail, testified he intercepted a letter with

-

appellant's return address from the outgoing jail mail.  The

police determined the letter was written by Paden.  The letter

requested that appellant tell Paden what appellant had told the

police.

Dixon testified that he went to the Regal Cinema on the day

of the robbery to pick up movie tickets.  After waiting

unsuccessfully for the tickets, he left.  He testified that the

statement he gave to the police was untrue.

Paden testified that he did not participate in the robbery at

the Regal Cinema.  He stated that he wrote the letter to

appellant, who is his brother, because he was concerned for

appellant's welfare.

## II.  ANALYSIS

Appellant contends the testimony of Burton regarding the

statement Dixon gave to the police was inadmissible hearsay

because Dixon was available and prepared to testify.[1]

In Paden v. Commonwealth, 259 Va. 595, 529 S.E.2d 792 (2000),

the Supreme Court of Virginia addressed the denial of codefendant

Paden's petition for appeal by this Court.  Paden asserted

Burton's testimony regarding Dixon's statement was inadmissible

---

[1] On brief, appellant argues the admission of Dixon's statement was a violation of his Sixth Amendment right to confront and cross-examine witnesses.  However, in his Question Presented, he limited his assignment of error to whether the statement was hearsay, a non-constitutional argument.  Thus, we only address the hearsay issue.  See Rule 5A:20(c)-(e).

-

hearsay.  See id. at 596, 529 S.E.2d at 793.  The Supreme Court

agreed, stating:

> According to Paden, the Commonwealth did not establish the first factor, Dixon's unavailability to testify, because Dixon was present at trial and his attorney stated that Dixon was prepared to testify.  The Commonwealth argues that, regardless of the representations made by Dixon's counsel, Dixon was unavailable to testify because Dixon could not be compelled to give evidence against himself and because the decision whether to testify was personal to Dixon and not his attorney.
>
> The Commonwealth correctly recites the rights of codefendant Dixon.  Nevertheless, until Dixon asserted those rights, he remained available to testify.  Under these circumstances, the Commonwealth failed to establish that Dixon was unavailable to testify, and the trial court erred in admitting the hearsay testimony of Detective Burton.

Id. at 596-97, 529 S.E.2d at 793 (citations omitted).  Cf.

Randolph v. Commonwealth, 24 Va. App. 345, 356, 482 S.E.2d 101,

106 (1997) (holding the Commonwealth was not required to call a

codefendant as a witness in joint trial to establish

unavailability because, "as a codefendant in a joint trial, [he or

she] could not be compelled to testify").  Therefore, we adopt the

Supreme Court's reasoning and hold that Burton's testimony

regarding Dixon's statement was inadmissible because the

Commonwealth failed to establish Dixon was unavailable to testify.

-

Appellant next contends the trial court erred in admitting the letter written by Paden. Appellant argues the letter is inadmissible hearsay.

> Whether an extrajudicial statement is hearsay depends upon the purpose for which it is offered and received into evidence. If the statement is received to prove the truth of its content, then it is hearsay and, in order to be admissible, must come within one of the many established exceptions to the general prohibition against admitting hearsay.

Hanson v. Commonwealth, 14 Va. App. 173, 187, 416 S.E.2d 14, 22 (1992) (citation omitted).

"The admissibility of evidence is within the broad discretion of the trial court . . . ." Pavlick v. Commonwealth, 25 Va. App. 538, 543, 489 S.E.2d 720, 722 (1997) (citing Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).

In this case, the trial court stated the purpose for which the letter was received into evidence. The trial court specifically said, "It does to my satisfaction show a connection between Mr. Paden and Mr. Kingsberry. But it's fairly innocuous with regard to these alleged crimes. And it is on that basis it is admitted over the objection." Therefore, the trial court did not receive the letter for the fact that Paden wanted appellant to tell him what appellant told the police. Instead, the court received it to show a connection between Paden and appellant. We find, therefore, appellant's argument that the letter was inadmissible hearsay and violated his Sixth Amendment right to

-

confront and cross-examine witnesses is without merit.  The trial

court did not abuse its discretion in admitting the letter written

by Paden to show a connection between Paden and appellant.

Finally, appellant contends the evidence was not sufficient

to support his convictions.[2]

On appeal, in determining whether the evidence was

sufficient, we consider all admitted evidence, including any

illegally admitted evidence.  See Lockhart v. Nelson, 488 U.S. 33,

41 (1988).

> The standard of review for determining
> the sufficiency of evidence on appeal is
> well established.  We must examine the
> evidence in the light most favorable to the
> Commonwealth, the prevailing party at trial,
> and we will not disturb the trial court's
> judgment unless it is plainly wrong or
> without evidence to support it.

Hedrick v. Commonwealth, 257 Va. 328, 340, 513 S.E.2d 634, 640

(1999) (citations omitted).

In this case, Dixon identified appellant and Paden as the men

who were with him at the Regal Cinema on November 29, 1997.  He

told the police that one man was named Karsene Paden and the other

---

[2] We undertake a full sufficiency analysis for double jeopardy purposes.  See Parsons v. Commonwealth, 32 Va. App. 576, 581, 529 S.E.2d 810, 812-13 (2000).  The evidence, the sufficiency of which we address, is the evidence adduced at trial, regardless of whether it was properly admitted.  Thus, our decision on sufficiency of the evidence is tied specifically and exclusively to the body of evidence in the trial on appeal, and is in no sense declaratory of the merits of the case, in the face of an evidentiary reversal, and is in no sense declaratory of the sufficiency of any future body of evidence.

he knew only as Kingsberry.  He told police he followed appellant and Paden upstairs in the theater.  Both men were wearing masks.  He observed them go into the "money counting room."  When he looked into the room, he saw appellant and Paden putting money into a backpack.  Paden had a gun.

Jenny Jamison, a Regal employee, testified that all three men who robbed the Regal Cinema were wearing masks and carrying guns.

We find the evidence was sufficient to establish appellant participated in the robbery, used a firearm in the commission of the robbery, and wore a mask in a public place.  Therefore, the trial court's determination that the evidence was sufficient to support the convictions was not plainly wrong or without evidence to support it.

### III.  CONCLUSION

We find the trial court did not err in admitting the letter written by Paden or in finding the evidence sufficient to support the convictions.  However, because we find the trial court erred in admitting Burton's testimony regarding Dixon's statement to police, we reverse and remand for further proceedings if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

-