COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff, Athey and Friedman
Argued by videoconference


KEISHA NICOLE MOSER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0134-21-3                      JUDGE GLEN A. HUFF
                                                    MARCH 1, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

Joseph A. Sanzone (Sanzone & Baker, L.L.P., on brief), for
appellant.

Matthew J. Beyrau, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief), for appellee.


Keisha Nicole Moser ("appellant") was convicted in the Campbell County Circuit Court

(the "trial court") for driving under the influence. She now asks this Court to send the case back

for a retrial because the trial court excluded exculpatory testimony from one of her witnesses on

hearsay grounds. She believes the trial court's evidentiary ruling was wrong because the

statements sought were against the declarant's penal interests and therefore within an exception

to the rule against hearsay. But because appellant has not proved her witness was unavailable to

testify at trial, this Court rejects her argument and affirms the trial court's judgment.

I. BACKGROUND

On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing

from that evidence in the light most favorable to the Commonwealth, the prevailing party at

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

trial." *Williams v. Commonwealth*, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting *Jackson v. Commonwealth*, 267 Va. 666, 672 (2004)). Viewed through this lens, the evidence shows the following:

On January 25, 2020, appellant was driving her cousin, Emily Atkins, along with two minor children from appellant's home in Lynchburg to a relative's residence in Danville. On the way there, appellant pulled over to the side of the road. Moments later, a police officer arrived at the scene, approached the vehicle, and asked why they had pulled over. Appellant exited the vehicle to speak with the officer, and at some point during their encounter, the officer searched the vehicle. The officer found nothing illegal through the search and let appellant and the others go about their business.

While appellant continued en route to Danville, she felt "funny" and pulled into the parking lot of the One Stop Mart located on Main Street in Altavista. Around 12:30 a.m. on January 26, 2020, Officer S. Caveness of the Altavista Police Department was dispatched to the One Stop Mart. When Officer Caveness arrived at the scene, he saw appellant sitting in the vehicle's driver's seat and noticed that the vehicle was still running. Officer Caveness then approached the vehicle, and after speaking with appellant and learning she had a prescription for Suboxone, he administered several field sobriety tests. Appellant failed the field tests and was placed under arrest on suspicion that she had operated a vehicle under the influence.

From there, appellant was transported to a hospital for a blood draw. The test revealed elevated levels of methamphetamine in appellant's blood. Her blood also tested positive for amphetamine, buprenorphine, norbuprenorphine, and flualprazolam.

A bench trial took place on February 4, 2021. There, Tracey Armstrong—appellant's partner and the father of several of her children—testified that Atkins called him the morning of appellant's arrest. When asked on direct examination what Atkins said to him in that

conversation, the Commonwealth objected on hearsay grounds. Appellant's trial counsel contended that the statement he intended to elicit from Armstrong was admissible because it fell under the "statement against penal interests" exception to the rule against hearsay. The Commonwealth responded by arguing, among other things, that the statement against penal interests exception applies only when the declarant is unavailable to testify at trial and that appellant's counsel had not shown Atkins was unavailable. Appellant's counsel retorted that Atkins was unavailable because she was "a prisoner of the Commonwealth" at the time of trial.

The trial court sustained the Commonwealth's objection but permitted appellant's counsel to elicit the hearsay statements from Armstrong to make a proffer for the record. When counsel asked Armstrong what Atkins told him over the phone, Armstrong claimed Atkins "was just very apologetic about what had happened" and admitted to him that, during the first encounter with law enforcement, she "got scared" about the officer's impending search of the vehicle and "put stuff" in a coffee cup appellant was drinking from. According to Armstrong, Atkins felt "scared" because she had a history of methamphetamine usage and because she claimed to have "had things on [her] that [she] shouldn't have." When counsel asked Armstrong to clarify what Atkins meant by "stuff," Armstrong responded that "stuff" included "methamphetamine" and other substances he could not remember.

The trial court ultimately found appellant guilty of driving under the influence and sentenced her to five days' incarceration. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's "decision to admit or exclude evidence" is reviewed "under an abuse of discretion standard." *Herndon v. Commonwealth*, 280 Va. 138, 143 (2010). "In evaluating whether a trial court abused its discretion . . . , '[this Court] do[es] not substitute [its] judgment for that of the trial court. Rather, [it] consider[s] only whether the record fairly supports that

action.'" *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009) (quoting *Beck v. Commonwealth*, 253 Va. 373, 385 (1997)). "The abuse-of-discretion standard [also] includes review to determine that the discretion was not guided by erroneous legal conclusions." *Porter v. Commonwealth*, 276 Va. 203, 260 (2008) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

## III. ANALYSIS

*Virginia Rule of Evidence 2:804(b)(3)'s Exception to the Rule Against Hearsay*

Appellant says the trial court should have permitted Armstrong to discuss Atkins's hearsay statements where Atkins allegedly admitted to drugging appellant's coffee. This is so, according to appellant, because Atkins's statements were admissible under Rule 2:804(b)(3)'s exception to the rule against hearsay.[2] That exception covers statements that are shown by the proponent to be reliable and go against the declarant's pecuniary, proprietary, civil, or penal interests. Rule 2:804(b)(3).

It may be true that Atkins's statements, if actually said, were against her penal interests. It could also be the case that Atkins's alleged statements are reliable on their face. But no matter what one makes of those two issues, the more pressing concern here is whether there is any basis to believe Atkins was unavailable to testify at trial. That question matters because Rule 2:804(a)'s plain text limits the Rule's application to dead or otherwise *unavailable* declarants. So before this Court could entertain the merits of whether Atkins's statement was reliable and against her penal interests, it would need to first be convinced that appellant has shown Atkins was unavailable. *See Bailey v. Commonwealth*, 62 Va. App. 499, 507 (2013) (classifying a declarant's unavailability as "a threshold question").

---

[2] Hearsay is "a statement, other than one made by the declarant while testifying at trial . . . offered in evidence to prove the truth of the matter asserted," Virginia Rule of Evidence 2:801(c), and is inadmissible save for some recognized exceptions, Virginia Rule of Evidence 2:802.

*Atkins's Unavailability*

Appellant claims Atkins was unavailable as a matter of law because her Fifth Amendment privilege against self-incrimination protected her from testifying against her penal interests at appellant's trial.[3] Appellant bases her position on this Court's previous recognition that a situation in which a declarant "cannot be compelled to testify" is one among many where the declarant will be considered "unavailable." *Doan v. Commonwealth*, 15 Va. App. 87, 100-01 (1992) (citation omitted). Appellant's synthesis of the Fifth Amendment and this Court's statements in *Doan* is that when the constitutional privilege against self-incrimination applies to a declarant, that declarant is "unavailable" because she by law "cannot be compelled to testify."

That much is supported by this Court's prior decisions. *See e.g.*, *Boney v. Commonwealth*, 16 Va. App. 638, 643 (1993) ("The law is firmly established that a declarant is unavailable if the declarant invokes the Fifth Amendment privilege to remain silent." (citing *Newberry v. Commonwealth*, 191 Va. 445, 462 (1950))).

But appellant goes a step further in discussing *when* and *how* the constitutional privilege against self-incrimination applies. She avers that the privilege not only permits the declarant to invoke it on her own accord at trial, but also prevents anyone from calling the witness to testify in court.

---

[3] Appellant did not raise this argument with specificity at trial. When discussing Atkins's availability, her trial counsel merely asserted that Atkins was unavailable because she was "a prisoner of the Commonwealth." At oral argument, appellant's counsel contended his argument at trial was sufficient to preserve appellant's Fifth Amendment argument for appeal. Specifically, he contended the trial court should have known by implication that when he referred to Atkins as "a prisoner of the Commonwealth," he was referring to an individual who possessed a Fifth Amendment privilege against self-incrimination.

The Commonwealth has not invoked Rule 5A:18 as a basis to affirm the trial court's judgment in this appeal. Given that, and because appellant's arguments are readily disposable on the merits, this Court will assume without deciding that appellant's arguments at trial sufficiently preserved the Fifth Amendment argument before this Court.

That is not how the privilege against self-incrimination applies. Instead, the privilege is a personal one, *Couch v. United States*, 409 U.S. 322, 328 (1973), and applies only when the holder of the privilege invokes it for herself, *Paden v. Commonwealth*, 259 Va. 595, 597 (2000) (holding that a declarant "remained available to testify" until he personally asserted his privilege against self-incrimination). In other words, the privilege against self-incrimination cannot be asserted by proxy. For that reason, the proponent of a statement against a declarant's penal interests bears the burden to secure the declarant's presence at trial, and from there, it is up to the declarant to decide whether she will invoke the privilege. *See Scaggs v. Commonwealth*, 5 Va. App. 1, 5 (1987); *see also Lewis v. Commonwealth*, 18 Va. App. 5, 8 (1994) (noting that courts "will not assume that the [declarant] will assert the privilege against self-incrimination" in the absence of the declarant actually doing so).

Here, there is no evidence that appellant made any effort to call Atkins to the stand or otherwise secure her testimony for the trial court's benefit. By extension, then, there is no evidence that Atkins did (or ever would) invoke the privilege against self-incrimination, which means the trial court did not err in finding that appellant failed to meet her burden to prove Atkins's unavailability. So, this Court finds no error in the trial court's exclusion of Armstrong's hearsay testimony on that basis alone and need not decide whether Atkins's statements were reliable and against her penal interests.

IV. CONCLUSION

Because Atkins never invoked her privilege against self-incrimination at trial, appellant did not meet her burden to prove Atkins's unavailability. The trial court therefore properly rejected appellant's argument that Armstrong's hearsay testimony on Atkins's alleged statements

fell within Rule 2:804(b)(3)'s exception to the rule against hearsay. Accordingly, this Court affirms the trial court's decision to exclude Armstrong's hearsay testimony.

*Affirmed.*