Botjldin, J.,
delivered the opinion of the court:
This is an appeal from a decree of the Circuit court of Loudoun county, at its April ¿term, 1871, in a chancery suit instituted in said court by Thomas E. Carr, against Ascenith A. Carr, his wife, seeking a divorce a mensa et thoro, on the ground of abandonment or desertion by the wife; and seeking also to obtain the custody of his infant daughter, the only child of the marriage, who had been taken from her father’s home by the mother.
The divorce as prayed for was granted by the court; the child was remanded to the custody of the father, and alimony was denied to the wife.
From this decree an appeal was allowed to this court, and the following errors are assigned by the appellant:
“ 1st, It was error to grant a divorce a mensa et thoro *171 upon the pleadings and proofs in this cause, it appearing therefrom that the petitioner had cause for leaving, and that she left her husband with his consent and concurrence.
“ 2nd, It was error not to grant something for maintenance to the petitioner, under the circumstance of the case.
‘ ‘ 3rd, It was error to take from ' the petitioner, and give to the complainant, the custody of the child.
“4th, There was no provision for the mother to have access to her child.”
The questions thus presented for our consideration have been discussed with much learning and ability by counsel on both sides, and numerous authorities have been cited; but as their solution depends on the construction of a statute of this State of comparatively recent date, and as that statute has received judicial interpretation by this court in the case of Bailey v. Bailey, decided at Wytheville, June term, 1871, and reported 21st Gratt. 43, the court deems it unnecessary to comment in detail on the previous authorities.
The 7th section of chapter 109, Code of 1860, p. 630, authorizing the chancery courts to decree divorces from bed and board, is as follows:
“§ 7. A divorce from bed and board may'be decreed for cruelty, reasonable’: apprehension of bodily hurt, abandonment or desertion.”
Sections 12 and 13, of same chapter, confer on the courts full power, on granting a divorce, to make such orders as may seem just and proper under the circumstances, in relation to alimony to the wife, the custody and maintenance of the minor children, and the property of the pai’ties.
The case of Bailey v. Bailey, 21 Gratt. 43, above cited, in which this statute was considered and construed by the court, was just the converse of the case under consideration. It was a suit by the wife against the hus *172 band, seeking a divorce a mensa et thoro, for abandonment and desertion by the latter. The fact of desertion by the husband, proved almost exclusively by the letters of the parties, was considered by the court as satisfactorily established, and the divorce was decreed. Alimony was allowed the wife ; and the custody of her only child, an infant of very tender age, was given to her.
In considering that case the court say that “under our statute no particular period is prescribed in which the desertion shall continue, to entitle a party to a divorce a mensa et thoro; ” that the courts had not laid down ‘ ‘ any particular rules of evidence for determining whether a separation does or does not, as a matter of proof, amount to desertion.” And they go on, very properly, to say, that “the question does not admit of such rules, but each case must rest on its own circumstances.” But the following proposition is affirmed b.y the court, as the result of the English and American-eases on the subject: “We think it may be safely asserted, as a general principle of law, to be extracted from the English and American eases on the subject, that wherever there is an actual breaking off of matrimonial cohabitation, combined with the intent to desert in the mind of the offender, in such case desertion is established, and the party deserted is entitled to a divorce a mensa et thoro.” 21 Gratt. 48-9.
Such being the law, there can be but little difficulty in applying it to the facts of this case. Without recapitulating those facts, which we deem wholly unnecessary, it is enough to say, that the pleadings and proofs in the cause abundantly establish “an actual breaking off of matrimonial cohabitation, combined with the intent to desert,” on the part of the wife, without legal cause or excuse—an intent deliberately formed, and unreasonably and persistently adhered to, down to the rendition of the decree, in the face of repeated and earnest appeals and entreaties to her by the husband to return. Without *173 just cause she has violated her marriage vow, by thus breaking off matrimonial cohabitation with her husband, and has deserted him and his home with the declared purpose of never returning. TJnder such circumstances, we are of opinion, in the language of this court in Bailey v. Bailey, that “desertion is established, and the party deserted is entitled to a divorce a mensa el thoro. ” There was no error, then, in granting the divorce.
2. We are further of opinion that the Circuit court did not err in refusing to allow alimony to the wife under the circumstances of this case. She was in the eye of the law, and in fact, the offending party. She has, without sufficient cause, deserted her husband and his home, and established herself elsewhere, thus disregarding his comfort and happiness, her own duty, and the decencies of society. To concede to her, under such circumstances, the right to demand of her husband a separate support in her new establishment, would not only be a reward to misconduct, immoral and corrupting in its tendency, but would give a rude shock to the sanctity of the marriage contract. Happily, the law does not require it, and policy and propriety alike foi’bid it.
Alimony is a right of the wife, and a duty of the husband, growing out of matrimonial cohabitation. When the wife, without cause, and against the wish of her husband, breaks off cohabitation with intent to desert him, her right to alimony ceases. Bishop on Mar. & Div. 564, and cases there cited. So long as the husband has committed no breach of matrimonial duty, he is under no obligation to provide the wife a separate maintenance ; and she connot claim it on the ground of her own misconduct. Bishop, ibid.
In Boggess v. Boggess, 4 Dana’s R. 307, C. J. Robertson, delivering the opinion of the court, says : “a wife who has voluntarily abandoned her husband should not have a decree for her separate maintenance, unless her abandonment of him was, without her fault, rendered *174 necessary for her safety or happiness, and was consistent with social order and public policy.”
We think the above ought to be, and is the law ; and we have already said, that in our opinion the desertion of the husband by the wife in this case was not only without sufficient cause, but was in violation alike of “ social order and public policy.” There was no error, therefore, in denying alimony to the appellant.
3. For did the court err in remanding the infant daughter to the custody of her father.
The child was three years old at the date of the'decree of the Circuit court, and is now four. The tender nursing period has passed by, and the time for moral training and impressions has arrived; and the court must decide whether there is anything in the circumstances of this case which, having in view the good of the child, renders it necessary and proper that it should remain longer with the mother. We think not, but the reverse. We concur with the learned judge of the Circuit court when he says, that she “has too lightly abandoned duties which she was bound by religion, morals, and the laws of society conscientiously to perform.” For matters which, however painful and annoying at the time, are not of infrequent occurrence in early married life, and are, at most, of comparatively small importance, she has undertaken, of her own accord, to disregard and sever the sacred bond of marriage—“ the prop and bulwark of the social system ”—and to throw herself upon society, as was said by this court in Bailey v. Bailey, “ in the undefined character of a wife without a husband, burdened with disgrace ”; and we are asked to compel the father and deserted husband to allow his innocent and unoffending daughter to share with the mother this undefined, ambiguous position, this burden of disgrace, during the critical period of moral training and education, when the mother has neither a home to which to take her (except at sufferance) nor means whereby to *175 maintain her. We are of opinion that this should not be done, and that the Circuit court did not err in remanding the child to the custody of its father.
4. We are further of opinion that there was no error in failing to provide that the mother should have access to the child. It does not appear to have' been asked, and was in fact unnecessary; first, because the decree provides that either party may apply at any time for such, further order as may be desired; and secondly, because the record shows that the heart and home of the husband are ever open to receive his misguided wife.
Upon the whole, we are of opinion that there is no error in the record of which the appellant can complain. But in holding, as we do, that there was no sufficient cause for the desertion of the husband by the wife in this case, we must add that we are very far from holding the husband blameless. On the contrary, his conduct towards his young and inexperienced wife has in many respects been in the highest degree reprehensible. He has treated her with too.little tenderness and consideration in the new and trying position in which she was placed. He has at times been coarse, rude, and petulant, when he should have been gentle, soothing, and affectionate. He has left her to bear alone burdens and trials which it should have been his highest pleasure to share and relieve ; and he has been close, exacting and penurious with her, when he should have been, to the extent of his means, open handed, liberal, and generous. We think he has much, very much, for which to reproach himself. Both parties have been to blame. A proper spirit of forbearance and conciliation on each side would have saved much trouble. But we believe that neither contemplated or desired the sad consequences which have resulted from their unhappy dissensions. Believing this, and believing also that there is no good and substantial reason why the parties should not be reunited, and lead for the future respectable and *176 happy lives, we are reluctant, by an unconditional decree-of divorce a mensa et thoro and perpetual separation, to ■close the door, apparently against reconciliation. The decree will be so modified, therefore, as to give the appellant the option, within six months from this day, of' returning voluntarily, with her child, to the home of her husband, to his bed and board; and should she fail to avail herself of this invitation, the decree of the Circuit court will stand affirmed as an act of this day. Should she return, the Circuit court will be instructed, on her motion, to set aside the decree, and dismiss the bill.
In ordinary cases this affirmance would be with costs-to the appellee, as the party substantially prevailing; but this being a suit between husband and wife, and the latter being without estate, the husband must pay the-legal costs in both courts.
The decree is as follows:
The court is of opinion that there is no error in the record of which the appellant can complain. But for reasons assigned in the written opinion of the court, it is adjudged, ordered and decreed, that the appellant, Ascenith A. Carr, be allowed the period of six months from this day, within which she is invited to return with her child to the bed and board of her husband,. Thomas E. Carr; and unless she shall voluntarily so-return within the period aforesaid, then the decree of the Circuit court of Loudoun county of April term, 1871, shall stand affirmed as an act of this day. Should she elect so to return, she shall be received and treated by the appellee as his wife; and in that event, the said Circuit court is directed, on her motion, to set aside and annul the decree of April term aforesaid, and dismiss the bill.
It is further ordered, that the appellee, Thomas E„. Carr, do pay the legal costs of suit in both courts.
Decree amended and arrirmed.