Statement.

---

# Staunton.

WISE TERMINAL CO v. MCCORMICK.

September 12, 1907.

1. PLEADING—*Amended Declaration—New Case—Case at Bar.*—If an amended declaration asserts rights or claims arising out of the same transaction, act, agreement, or obligation as that upon which the original declaration is founded, it will not be regarded as for a new cause of action, however great may be the difference in the form of liability asserted in the two declarations. In the case at bar, the cause and form of action are the same in both declarations, and the amended declaration merely charges the negligence complained of in varying form to meet the different phases of the evidence.

2. EVIDENCE—*Opinion Evidence—Experts.*—Subject to proper restrictions based on their experience and knowledge, witnesses may give their opinion as to the distance within which a locomotive engine may be stopped.

3. EVIDENCE—*Testimony at Former Trial—Non-Availability of Witnesses.*—In order that proof may be admitted of what a witness stated at a previous trial between the same parties and upon the same issue, sufficient reason must be shown why the original witness is not produced, as that he is dead or out of the State, or that diligent enquiry for him where it is most likely that he would be found has proved unavailing, or that the opposite party has caused his absence, and the evidence on this subject should be complete and satisfactory. In the case at bar, the evidence on the subject of the non-availability of the witness falls short of these requirements.

Error to a judgment of the circuit court of Wise county, in in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Ayers & Fulton,* and *Bullitt & Kelly,* for the plaintiff in error.

*Wm. H. Werth,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

The evidence in this case, which is before us the second time, was exhaustively reviewed on the former hearing, and held not to establish actionable negligence on the part of the plaintiff in error, the Wise Terminal Company. *Wise Terminal Co.* v. *McCormick,* 104 Va. 400, 51 S. E. 731. It is now alleged that the second recovery is founded on substantially the same evidence, and must, therefore, be controlled by the former decision. On the other hand, the defendant in error contends that the evidence at the second trial, set out in the stenographic report, is not sufficiently identified to constitute part of the record, and the original record was brought up on a *subpoena duces tecum* to substantiate that assertion.

As a new trial must be granted on another ground, it is unnecessary to pass upon that question; but before dismissing the subject, the objections to inadequate certification of evidence with which we are repeatedly confronted, justify our again calling the attention of the profession to the importance of paying more regard to this essential feature in making up a record. *Jeremy Improvement Co.* v. *Com'th,* 106 Va. 482, 56 S. E. 224.

The first assignment of error which claims our attention is to the action of the trial court in rejecting the plea of the act of limitations. The assignment proceeds upon the theory that the amended declaration makes a new case.

In this the plaintiff in error is mistaken, as an inspection of the pleading plainly shows. The cause and form of action

are the same in both declarations, and the amended declaration merely charges the negligence complained of in varying form to meet different phases of the evidence.

The principle is clearly stated in *New River Min. Co.* v. *Painter,* 100 Va. 507, 42 S. E. 300, as follows: "If an amended declaration assert rights or claims arising out of the same transaction, act, agreement or obligation as that upon which the original declaration is founded, it will not be regarded as a new cause of action, however great may be the difference in the form of liability asserted in the two declarations."

That the case falls within the rule thus laid down will be seen from the statement in the petition for a writ of error, that "The evidence on the last trial was confined mainly to the issue presented by the amended declaration, but the same issue was raised by the former declaration, and substantially the same evidence was introduced and * * * held insufficient to support a verdict."

Several assignments involve objections to the admission of opinions of witnesses with respect to the distance within which the engine could have been stopped. Subject to proper restrictions, based on the knowledge and experience of the witnesses, such evidence is admissible, and is usually relied on to prove that fact.

The next assignment is founded on the alleged effort of the plaintiff to discredit one of his own witnesses; but the record does not sustain the objection. The purpose of the examination which is made the ground of exception was to refresh the memory of the witness by reference to his testimony at the former trial, and not to impeach him.

Another error assigned is to the action of the court in allowing the testimony of the witness Campbell on the former trial to be read to the jury. The rule of practice, which, in civil actions at least, under certain circumstances, permits proof of what a witness stated at a previous trial between the same parties and upon the same issues, is conceded.

In 16 Cyc. 1088, the rule is stated thus: "The court must be satisfied (1) That the party against whom the evidence is offered, or his privy, was a party on the former trial; (2) That the issue is substantially the same in the two cases; (3) That the witness who proposes to testify to the former evidence is able to state it with satisfactory correctness; and (4) That a sufficient reason is shown why the original witness is not produced. The first three of these conditions render the reported evidence relevant; the fourth is necessary to justify the court in receiving it."

In the same work, at pages 1095-6, after declaring that such testimony is substitutionary, it is said: "The court will therefore insist upon being satisfied, not only that the situation of the case promises some advantage from its use, but also that a sufficient reason be shown why the original witness is not produced; and that it is impossible, fairly speaking, for the person offering the evidence to produce the living witness or to take his deposition." In n. 24, on the *quantum* of proof necessary, it is declared, that "inasmuch as this species of testimony is admitted as a sort of judicial necessity, the proof of the facts which constitute the necessity for the departure from general rules ought to be clearly established before the testimony is admitted—as that the witness is dead, that diligent inquiry has been made for him where it is most likely he would be found, or that the defendant has caused his absence. The proof on this subject should be complete and satisfactory, as the question of the sufficiency of this proof would necessarily be confined largely to the discretion of the judge, and not be revisable on appeal when properly exercised." Citing *Sullivan* v. *State* 6 Tex. App. 319, 32 Am. St. Rep. 580.

Illustrations of what constitutes due diligence in such cases are given at page 1098, n. 32. "To ascertain by writing to the postmaster of a certain town in a distant state that a former witness is not in the postmaster's town, but in another town of the postmaster's state (the Texas case, *supra*), or to show that

the witness is reputed to be out of the state (*Baldwin* v. *St. Louis &c. R. Co.,* 68 Iowa 37, 25 N. W. 918), or for an officer charged with the service of a subpoena to report that he has made diligent search for a witness at the supposed residence, and been informed by persons unknown to him that they had heard that the witness was dead (*Augusta &c. R. Co.* v. *Randall,* 85 Ga. 297, 11 S. E. 706), have been held under the facts of these particular cases, not to be sufficient. Alleged absence from the jurisdiction must be established by the testimony of some one who knows the fact, or can testify to circumstances within his knowledge which will justify the inference of such fact. *Baldwin* v. *St. Louis &c. R. Co.,* 68 Iowa, 37, 25 N. W. 918; *Reynolds* v. *Fitzpatrick,* 28 Mont. 170, 72 Pac. 510. Statements by persons with peculiar means of knowledge may, together with lack of further opportunity for inquiry, suffice to admit the evidence. Thus, in case of an attesting witness, the reply of his parents, that he was in America was considered by Mr. Justice Erle as 'reasonable evidence that the witness is out of the jurisdiction of the court.' *Austin* v. *Rumsey,* 2 C. & K. 736. The mere fact that a party who could have summoned a witness has preferred to rely on his promise to attend voluntarily, is no reason for admitting the witness's former evidence. *Provo City* v. *Shurtliff,* 4 Utah 15, 5 Pac. 302. The action of the court in deciding what search is sufficient will not be revised in the absence of evidence of gross abuse of discretion. *Vauban* v. *State,* 58 Ark. 353, 371, 24 S. W. 885; *Clinton* v. *Estes,* 20 Ark. 216."

In further discussion of the subject in the text, it is observed: "The more modern tendency is not only to require that the absence offered as a basis for admitting the former evidence should be permanent, but to require further that the party offering the evidence should show, to the satisfaction of the court, that he could not, by the use of reasonable diligence, have procured the deposition of the absent witness. Mere absence from the jurisdiction at the time of trial is a disability by no means

equivalent to death, without affirmative evidence that a fruit-
less search has been conducted in good faith and with due dili-
gence, and that, from ignorance of the witness' whereabouts or
other reason, his deposition could not have been given."

. The Virginia statute (Va. Code, 1904, sec. 3365), provides
that, in a civil case at law a deposition taken on proper notice
may be read, if, when offered, the witness be dead, or out of the
state. But it has been held that hearsay evidence, that the
deponent has left the country and has not returned, is not suffi-
cient to authorize the reading of his deposition. *Collins* v.
*Lowry,* 2 Wash. 75, (2nd ed. 97). See also *Powell* v. *Manson,*
22 Gratt. 176, 187, and cases cited.

Campbell resided at Pulaski, Virginia, and the foundation
laid for admitting his former testimony was the statement of
the sheriff of Wise county that he sought him at Blackwood,
and heard that he had left. The defendant in error also testi-
fied that, in response to his inquiries, he learned that Campbell
had left Blackwood, and he believes he heard that he had gone
to Knoxville. He says that at Norton a young man from Pu-
laski told him he did not think Campbell was at home. He
likewise made inquiry of a man at Toms Creek, who said that
if Campbell was at Pulaski, he did not know it, but that he
had been absent from that place for several weeks, perhaps for
one or two months. Witness admitted that he had neither
written to Pulaski concerning Campbell's whereabouts, nor
otherwise inquired for him at his home. It is true a subpoena .
directed to the sheriff of Wise county, was returned "not
found," but, manifestly, the return of an officer of a bailiwick
other than that in which the witness usually resides, affords but
scant evidence of the fact that he is beyond the process of the
court.

The preliminary evidence relied on in this instance is ob-
viously insufficient to have warranted the introduction of Camp-
bell's testimony at the first trial.

Errors are assigned to the action of the court in giving and

refusing certain prayers, but they are dependent on evidence, and as we cannot anticipate that the precise questions involved will likely arise at the next trial, it is unnecessary to notice these exceptions.

For the error of the trial court in the particular indicated, we are of opinion to reverse the judgment complained of, to set aside the verdict of the jury, and remand the case for a new trial.

*Reversed.*