CIRCUIT COURT OF THE CITY OF RICHMOND

William L. Smith, Adm'r of Smith

v.

Robert A. Smith, Jr., etc., et al.

August 27, 1976

Case No. 8834

By JUDGE ALEX H. SANDS, JR.

The question at issue is whether plaintiff can introduce in the present proceeding the testimony of Robert A. Smith, Sr., now deceased, and transcribed in the prior trial of a companion case.

Objections raised are threefold; i.e., (a) that the parties are not the same, (b) the issue is not the same, and (c) that no right of cross-examination of Smith, Sr., was afforded defendants in the former trial.

All stock in Superior, at the time of the former trial, was owned by the parties to the two actions. The fact that one action (that now in question) was nonsuited does not alter the fact that the individual defendants [all of whom owned stock in Superior] were before the court in the former trial, albeit Superior had been nonsuited. The court, therefore, feels that the parties to the two actions are essentially the same and that defendants had the right of cross-examination.

Counsel appear to disagree upon whether the issues are the same. This cannot be determined until evidence is taken in the present trial, and the trial judge will have to make the decision at that time. Upon the record, as it now stands, it would appear that the issues in the two actions were interrelated. The mere fact that the actions were on different notes is not necessarily conclusive of this question.

Upon the present status of the record, it is held that the parties and issues are sufficiently similar to permit the introduction of the transcripts in question as evidence in the present case.

In addition, I believe that Rule 4:7, read in its entirety, supports this position. While 4:7 deals with the use of depositions, its provisions would appear to apply equally to transcriptions of testimony in a live trial. Section 3 of this rule provides:

> The deposition of a witness, whether or not a party, may be used by any party for any purpose in any action at law, issue out of chancery or hearing ore tenus in equity if the court finds: (A) that the witness is dead . . . . (Emphasis added.)

The portions above underlined graphically illustrate the inroads which time has made upon the tenets laid down in Wise Terminal, etc. v. McCormick, 107 Va. 376.

It goes without saying, of course, that objection can be made at the time of trial to parts or all of the transcripts upon the ground of relevancy or other proper grounds.