Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the Court of Appeals.
The circuit court permitted the Commonwealth to introduce the testimony of an absent witness into evidence by reading that witness’s prior testimony as contained in a transcript of the preliminary hearing on this felony charge. At that preliminary hearing, the defendant called the witness and questioned him about the robbery that occurred in the “bullpen” of a jail and the fact that the witness did not report what he observed to any jail personnel at that time. Although the Commonwealth issued a summons for the absent witness to appear at the trial in the circuit court, the witness could not be located and was never served with the summons.
The defendant objected to the introduction of the absent witness’s testimony and now claims that the requirements for admitting prior testimony of an unavailable witness were not satisfied and that the use of the absent witness’s testimony at the defendant’s trial in circuit court violated the defendant’s constitutional right to confront the witnesses against him.
We have previously held that the preliminary hearing testimony of a witness who is absent at a subsequent criminal trial may be admitted into evidence if the following conditions are satisfied: (1) that the witness is presently unavailable; (2) that the prior testimony of the witness was given under oath (or in a form of affirmation that is legally sufficient); (3) that the prior testimony was accurately recorded or that the person who seeks to relate the testimony of the unavailable witness can state the subject matter of the unavailable *4 witness’s testimony with clarity and in detail; and (4) that the party against whom the prior testimony is offered was present, and represented by counsel, at the preliminary hearing and was afforded the opportunity of cross-examination when the witness testified at the preliminary hearing. Shifflett v. Commonwealth, 218 Va. 25, 28, 235 S.E.2d 316, 318 (1977). See also Fisher v. Commonwealth, 217 Va. 808, 812-13, 232 S.E.2d 798, 801-02 (1977).
In the present case, all these requirements were fulfilled. Specifically with regard to the defendant’s opportunity to cross-examine the witness at the preliminary hearing, the record shows that, even though the defendant, rather than the Commonwealth, called the witness, the court did not limit the defendant’s questioning of the witness nor did the Commonwealth object to any question. Furthermore, since the defendant called the witness, his questions were not limited by the scope of the Commonwealth’s direct examination. In other words, the defendant tested the witness’s testimony to the full extent that he chose to do and he had more than a mere opportunity to conduct the equivalent of cross-examination. See Ohio v. Roberts, 448 U.S. 56, 71 (1980). Thus, we find no error, constitutional or otherwise, in permitting the use of the absent witness’s prior testimony at the trial of this felony charge.
It is ordered that the Circuit Court of the City of Chesapeake allow counsel for the appellant a fee of $725 for services rendered the appellant on this appeal, in addition to counsel’s costs and necessary direct out-of-pocket expenses.
The Commonwealth shall recover of the appellant the amount paid court-appointed counsel to represent him in this proceeding, counsel’s costs and necessary direct out-of-pocket expenses, and the costs in this Court and in the courts below.