COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Clements and Haley
Argued at Chesapeake, Virginia


CHRISTOPHER PAUL SCHNEIDER

                                                                        OPINION BY
v.        Record No. 0628-05-1                        JUDGE JAMES W. HALEY, JR.
                                                                    FEBRUARY 7, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                                    A. Bonwill Shockley, Judge

              Brandon H. Zeigler (Wolcott Rivers Gates, on brief), for appellant.

              Susan L. Parrish, Assistant Attorney General (Judith Williams
              Jagdmann, Attorney General; Denise C. Anderson, Assistant
              Attorney General, on brief), for appellee.


       The sole issue here for determination is whether the trial court erred in finding a witness was

"unavailable" and in consequently admitting into evidence a transcript of her preliminary hearing

testimony at trial.  Finding no error, we affirm appellant's conviction of a violation of Code

§ 18.2-61.

                                                     I.

       Appellant was charged with raping his stepdaughter, C.S., in violation of Code § 18.2-61.

At the October 3, 2002 preliminary hearing in the juvenile and domestic relations district court, the

Commonwealth called only C.S. to testify.  She stated that on April 25, 2002, while her mother was

away from the house on an errand, appellant called her upstairs to his bedroom, fondled her, ordered

her to take off all of her clothes, and had sexual intercourse with her.  Because this pattern had

occurred in the past, C.S. testified, she made efforts to preserve physical evidence of the encounter.

She then ran to a neighbor's house and called her therapist, who called the police.  After the

Commonwealth completed its direct examination, appellant's counsel (who represented appellant at both the preliminary hearing and at trial) cross-examined C.S. Two rounds of re-direct and re-cross examination took place during the preliminary hearing. At the close of the hearing, the court certified the case.

During appellant's trial on December 3, 2002, the Commonwealth called C.S. to testify. C.S. was age 17 at the time. She answered background questions but refused to testify further once the topic turned to appellant. The Commonwealth reminded her that she was under a subpoena, but she still would not talk about the rape. C.S. said she did not "feel comfortable testifying," that she could not "handle it mentally," and that she was "going through a lot of stuff right now." After exploring her mental diagnoses and living situation, the Commonwealth asked if C.S. was aware of the consequences of refusing to testify. C.S. responded that possible punishments included fines and being sent to a detention home, but still would not testify.

At this point, the Commonwealth asked the trial court to order C.S. to testify. The trial court impressed upon her the seriousness of the charge, and then ordered her to testify. C.S. declined to follow the order, and the Commonwealth immediately moved to admit the preliminary hearing testimony into evidence. The court recessed to consider the Commonwealth's arguments, review the case law, and allow appellant's counsel to consider counterarguments. During this approximately half hour recess, C.S. was placed in the lockup in an attempt to change her mind. After the break, C.S. still refused to testify, and both sides declined to ask her questions. After hearing the additional argument of counsel, the trial court found that C.S. was unavailable and admitted her preliminary hearing testimony.

The bench trial continued, including the testimony of Connie Andrews, a sexual assault nurse examiner. Andrews collected a sample of a dried substance from C.S.'s stomach, which was

the evidence C.S. preserved from the encounter. An analysis of the sample revealed it to be appellant's semen.

Appellant's defense consisted of only one witness: Sheila Richards, C.S.'s guardian at the time of trial. Richards testified about a conversation she had with C.S. about two weeks after the incident in question. Richards said that C.S. talked of having "set him [appellant] up" and gave a different explanation for the origin of the semen sample.

After the defense rested, the trial court found appellant guilty of rape. Appellant appeals from this conviction.

II.

Appellant contends that the trial court's admission of C.S.'s preliminary hearing testimony violated his Sixth Amendment right to confront witnesses against him.

In Crawford v. Washington, 541 U.S. 36 (2004), the United States Supreme Court recently addressed the conditions necessary, under the Sixth Amendment's Confrontation Clause, for the admission at trial of "testimonial" evidence given outside of trial. The Court held that two conditions were necessary to satisfy constitutional demands: the unavailability of the witness and the defendant's prior opportunity to cross-examine the witness. Id. at 68. Although stated in dicta, Crawford clearly considers preliminary hearing testimony to be "testimonial." Id. For preliminary hearing testimony to be admissible, then, it must meet Crawford's dual requirements of unavailability and opportunity for cross-examination.

More specifically, the Virginia Supreme Court has stated:

> The preliminary hearing testimony of a witness who is absent at a
> subsequent criminal trial may be admitted into evidence if the
> following conditions are satisfied: (1) that the witness is presently
> unavailable; (2) that the prior testimony of the witness was given
> under oath (or in a form of affirmation that is legally sufficient);
> (3) that the prior testimony was accurately recorded or that the
> person who seeks to relate the testimony of the unavailable witness
> can state the subject matter of the unavailable witness's testimony

- 3 -

> with clarity and in detail; and (4) that the party against whom the prior testimony is offered was present, and represented by counsel, at the preliminary hearing and was afforded the opportunity of cross-examination when the witness testified at the preliminary hearing.

Longshore v. Commonwealth, 260 Va. 3, 3-4, 530 S.E.2d 146, 146 (2000) (citing Shifflett v. Commonwealth, 218 Va. 25, 28, 235 S.E.2d 316, 318 (1977)).

Thus, our law regarding the admissibility of preliminary hearing testimony has always required unavailability and an opportunity for cross-examination and complies with the new requirements of Crawford without alteration.

Within the test set forth by Longshore, appellant challenges only the finding of unavailability.[1]

### III.

We review a trial court's determination that a witness is unavailable in the context of admitting preliminary hearing testimony under an abuse of discretion standard. Sapp v. Commonwealth, 263 Va. 415, 423, 559 S.E.2d 645, 649 (2002).

In Sapp, the Supreme Court of Virginia set forth the minimum requirements for declaring a witness who is present but unwilling to testify to be unavailable. The party offering the hearsay testimony "must demonstrate a 'sufficient reason'" for the witness' unavailability. Id. at 425, 559 S.E.2d at 650 (quoting Wise Terminal Co. v. McCormick, 107 Va. 376, 379, 58 S.E. 584, 585 (1907)). The trial court must question the witness on why he will not testify. Id. The court should at least order the witness to testify, and "[a]lthough use of contempt powers is clearly subject to the discretion of the trial court, a contempt order in response to continued refusal to testify after being ordered to do so should be carefully considered." Id.

---

[1] At oral argument, appellant admitted that he had a prior opportunity to cross-examine the witness.

The Supreme Court found in Sapp that the trial court abused its discretion in declaring the witnesses to be unavailable. There, two witnesses refused to testify, citing "maybe one or two verbal threats" and "just hearing talk here and there in the streets." Id. at 420-21, 559 S.E.2d at 647-48. The trial court told the two reluctant witnesses that it would not force them to testify despite the vagueness of these threats and even assured one witness that he would not "be put in jail for refusing to testify." Id. at 420-21, 559 S.E.2d at 648. Finding the witnesses to be unavailable, the trial court then admitted their preliminary hearing testimony.

The Supreme Court reversed the decision, however, stating that only "[u]pon persistent refusal to testify despite judicial pressures and an order to testify . . . [may] the testimony of a witness [] be declared unavailable." Id. at 427, 559 S.E.2d at 651. By assuring one witness "that nothing would happen to him as a result of his refusal to testify and that his prior testimony would be utilized," the trial court had removed "any semblance of judicial pressure." Id. at 426-27, 559 S.E.2d at 651.

In this instance, the trial court did order C.S. to testify and placed sufficient judicial pressure upon her to justify the decision declaring her unavailable. Before involving the trial court, the Commonwealth's attorney questioned her as to why she did not feel comfortable testifying and outlined her mental situation resulting in the decision. The Commonwealth reminded her she was under subpoena and made certain she knew the potential consequences of her actions. Appellant argues that because the trial court did not affirm the witness' statement of the potential consequences or independently state the consequences, the witness was improperly declared unavailable. However, we decline to hold that a trial court abuses its discretion in failing to affirm a witness' *correct* understanding of the situation.

The trial court stressed the importance of the proceedings to C.S. and ordered her to testify. After she again refused to testify, the court placed her in the "lockup" while it considered whether to

declare her unavailable. After half an hour, the court again attempted to elicit the testimony and again was rebuffed.

Although the trial court declined to use its contempt power, this does not constitute an abuse of discretion under Sapp. The trial court met the requirement of Sapp when it ordered C.S. to testify. Further, the court placed C.S. in its "lockup" for at least half an hour, probably the strongest step short of contempt the court could take. Moreover, unlike the trial court in Sapp, the court here never acted to remove the "judicial pressure" to testify. Specifically, the court did not tell C.S. that it would not force her to testify, assure her she would not be punished if she continued to refuse to testify, or reveal that it could admit her preliminary hearing testimony. Because we will not require a trial court to use its contempt power to compel testimony, neither will we reverse a court when it has taken other reasonable actions to pressure a witness. Here, the trial court never acted to remove the "judicial pressure" that the Supreme Court has emphasized. Thus, the trial court did not abuse its discretion when it found C.S.'s testimony was unavailable.

IV.

Having concluded the trial court did not abuse its discretion in finding C.S.'s testimony to be unavailable, we hold the preliminary hearing testimony was properly admitted at trial. Accordingly, we affirm appellant's conviction.

Affirmed.