Present:  All the Justices

LUIS AYALA, ADMINISTRATOR
OF THE ESTATE OF
JOSE MEDARDO AYALA, DECEASED

v.  Record No. 071451      OPINION BY JUSTICE DONALD W. LEMONS
                                    June 6, 2008
AGGRESSIVE TOWING AND
TRANSPORT, INC., ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

In this appeal, we consider whether the trial court erred by receiving into evidence in a civil action, records of the guilty pleas of a nonparty and an order of conviction for involuntary manslaughter from a prior criminal action.

I. FACTS AND PROCEEDINGS BELOW

On April 26, 2004, Martir Udiel Reyes ("Reyes") was driving a Honda Accord sedan on Interstate Route 95 North in Fairfax County, Virginia.  The car collided with a tow truck operated by Nye Ranae Clemons ("Clemons"), and owned by Aggressive Towing & Transport, Inc. ("Aggressive Towing").  Jose Medardo Ayala, who was seated in the right rear passenger seat of the Honda was killed instantly.  Reyes' blood alcohol level was .13 at the time of the collision.  Reyes pled guilty to involuntary manslaughter in connection with the death of Jose Ayala, and was convicted of that offense in the Circuit Court of Fairfax County.  Additionally, Clemons was charged with driving while intoxicated, second offense.  His blood

alcohol level was .20 at the time of the collision.  Clemons pled guilty to driving while intoxicated, first offense and was convicted.

The Administrator of the Estate of Jose Ayala, Luis Ayala ("Ayala"), filed an action for wrongful death against Clemons, and Clemons' employer Aggressive Towing.  Trial was scheduled for April 10, 2007.  On April 6, 2007, Clemons and Aggressive Towing requested an order requiring the transport of Reyes from the penitentiary to appear as a witness at trial.  The trial court denied the motion because Clemons and Aggressive Towing failed to comply with the scheduling order in the case and failed to timely supplement discovery.

At trial, Ayala contended that the collision occurred as Clemons was merging into the far right lane from the shoulder. However, Clemons maintained that the collision occurred while his truck was stopped on the shoulder.  To support their theory that the collision was solely a result of Reyes' negligence, Clemons and Aggressive Towing sought to introduce Reyes' pleas and an order of conviction for involuntary manslaughter.  Ayala objected, arguing that the pleas and conviction order were inadmissible hearsay, were more prejudicial than probative, and that the declarant had to be unavailable in order for the evidence to be admissible as an admission against penal interest.  Further, Ayala argued that

2

because Clemons and Aggressive Towing procured the unavailability of Reyes, the pleas and conviction order were not admissible. Additionally, Ayala maintained that the pleas and order of conviction were inadmissible under the "general rule that a judgment of conviction in a criminal prosecution does not establish in a subsequent civil action the truth of the facts on which it was rendered, and such judgment of conviction is not admissible in evidence." Ayala's objections were overruled and the trial court held that the pleas and conviction order were admissible. The jury rendered its verdict in favor of Clemons and Aggressive Towing.

We granted Ayala this appeal on one assignment of error: "The trial court erred in admitting the plea [sic] and conviction for manslaughter of the nonparty driver of the vehicle in which Plaintiff's decedent was a passenger inasmuch as Defendants procured the declarant's unavailability at trial through neglect or willful inaction, and as such conviction was inadmissible under the well-settled precedent of this Court."

## II. ANALYSIS

### A. Standard of Review

Our review of the trial court's decision to admit the judgment of conviction involves a question of law which we review de novo. Alston v. Commonwealth, 274 Va. 759, 764, 652

S.E.2d 456, 459 (2007).  The standard of review of a trial court's ruling regarding whether the required foundational showing of the "unavailability" of an out-of-court declarant to provide live testimony has been made by the proponent offering hearsay statements from that declarant is the abuse of discretion test.  Burton v. Oldfield, 195 Va. 544, 550, 79 S.E.2d 660, 665 (1954).

As an initial matter, we note that the parties to this appeal are proceeding based upon a written statement of facts in lieu of a transcript pursuant to Rule 5:11(c).  While this manner of providing a record is permissible under our Rules, it often creates difficulty for the Court and the litigants on appeal.  For example, in this case, the record does not include the guilty pleas in question.  The record does contain the conviction order in question.  Clemons and Aggressive Towing seek to improperly supplement the record at this stage of the proceeding by attaching copies of the guilty pleas to their brief.  They further maintain that the guilty pleas were admitted into evidence.  Ayala responds in a reply brief that the guilty pleas were not admitted into evidence.  We will review the matter based upon the written statement of facts signed by the trial judge which concludes the following: "The Trial Court overruled Plaintiff's objections and allowed

Defendants to introduce Mr. Reyes' plea [sic] and conviction of manslaughter."

### B. Use of the Judgment of Conviction

Neither res judicata nor the collateral estoppel doctrine under Virginia law would permit any finding in the Commonwealth's criminal case against Reyes to be used against a non-party, Ayala, in a later civil proceeding between other private parties.  First, Ayala was not a party in the criminal case brought by the Commonwealth against Reyes, and therefore, the mutuality of parties requirement for these doctrines is not met.  See Selected Risks Insurance Co. v. Dean, 233 Va. 260, 263-64, 355 S.E.2d 579, 581 (1987) (Commonwealth and crime victim are not the same party for purposes of satisfying the mutuality requirement).  Second, "the general rule in Virginia is that 'a judgment of conviction or acquittal in a criminal prosecution does not establish in a subsequent civil action the truth of the facts on which it was rendered . . . and such judgment of conviction or acquittal is not admissible in evidence.' "  Godbolt v. Brawley, 250 Va. 467, 470, 463 S.E.2d 657, 659 (1995) (quoting Smith v. New Dixie Lines, Inc., 201 Va. 466, 472, 111 S.E.2d 434, 438 (1959)).  Consequently, the trial court erred in admitting the prior judgment of conviction.

### C. Reyes' Guilty Plea

5

Reyes is not a party to the present proceedings. He was incarcerated at the time of this trial of civil claims between other persons. Therefore, the evidentiary use of his admission of responsibility in the form of a guilty plea on manslaughter charges is not governed by statute[1] or Rule,[2] but by the hearsay exception doctrine governing declarations against a non-party's penal interest. Schmitt v. Commonwealth, 262 Va. 127, 144, 547 S.E.2d 186, 198 (2001). See Paden v. Commonwealth, 259 Va. 595, 597, 529 S.E.2d 792, 793 (2000). This exception to the hearsay rule allows out-of-court statements that tend to incriminate a declarant to be received in evidence upon a showing that the declaration is reliable and that the declarant is presently unavailable. Schmitt, 262 Va. at 144, 547 S.E.2d at 198; Ellison v. Commonwealth, 219 Va. 404, 408, 247 S.E.2d 685, 688 (1978). Prior decisions of this Court demonstrate that the proponent of the evidentiary use of an out-of-court statement under this

---

[1] Code § 8.01-418 provides, in pertinent part: "Whenever, in any civil action, it is contended that any party thereto pled guilty or nolo contendere . . . in a prosecution for a criminal offense . . . which arose out of the same occurrence upon which the civil action is based, evidence of said plea . . . shall be admissible." In this case, Reyes is not a party to the civil action; consequently, the statute does not apply.

[2] Rule 3A:8 renders inadmissible certain withdrawn pleas but does not address the use of pleas that have not been withdrawn, or the use of pleas as evidence against a person other than the defendant who enters the plea. See Rule 3A:8(c)(5).

6

hearsay exception is required to demonstrate the use of reasonable diligence in seeking to obtain the declarant's live testimony.  Wise Terminal Co. v. McCormick, 107 Va. 376, 378-81, 58 S.E. 584, 585-86 (1907); see also Sapp v. Commonwealth, 263 Va. 415, 425, 559 S.E.2d 645, 650 (2002); Schmitt, 262 Va. at 144, 547 S.E.2d at 198; Atkins v. Commonwealth, 257 Va. 160, 176, 510 S.E.2d 445, 455 (1999); Chandler v. Commonwealth, 249 Va. 270, 279 n.1, 455 S.E.2d 219, 224 n.1 (1995); Ellison, 219 Va. at 408, 247 S.E.2d at 688.

In this case, defendants failed to use reasonable diligence in seeking to obtain live testimony from Reyes.  A scheduling order was issued during the pretrial phases of the present civil case setting a deadline for the designation of all desired witnesses, but defendants failed to identify Reyes as required by that scheduling order.  Nor had defendants timely supplemented their discovery disclosures.  See Rule 4:1(e)(2) ("A party is under a duty promptly to amend and/or supplement all . . . prior responses to [discovery requests] if the party learns that any such response is in some material respect incomplete or incorrect.").  Although the case had been pending for one year, defendants moved for a transportation order only four days before the scheduled trial.  The trial court denied that motion because defendants had failed to designate Reyes as a witness as required by the

7

pretrial order and failed to supplement or amend relevant discovery responses. No cross-error was assigned to that ruling by the defendants. Consequently, we hold that defendants waived their right to call for production of Reyes as a live witness, and therefore failed to demonstrate reasonable diligence in seeking the presence of the live witness required as a prerequisite for evidentiary use of Reyes' prior guilty plea as a declaration against penal interest at the trial. See Wise Terminal Co., 107 Va. at 378-81, 58 S.E. at 585-86 (finding proponent's efforts insufficient to warrant use of witness' testimony from prior trial). It was therefore an abuse of discretion to admit the prior guilty plea into evidence.

## D. "Judicial Records"

Finally, Clemons and Aggressive Towing argue that the plea and conviction order were admissible as "judicial records." Nothing in the statement of facts reveals any argument presented to the trial court on this question. On appeal, Clemons and Aggressive Towing raise the provisions of Code § 8.01-389(A) in support of their argument. However, we have no way of knowing whether the statute was the basis of the argument in the trial court or whether the trial court considered this particular statute in the context of our decisions regarding admissibility of conviction orders or the

8

legislature's particular provisions for guilty pleas under Code § 8.01-418.  Accordingly we are unable to consider this question on appeal.  Rule 5:25.

III. CONCLUSION

For the reasons stated, the judgment of the trial court will be reversed and the matter will be remanded for a new trial.

Reversed and remanded.