## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAWRENCE E. MATTISON,
             Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
             Agency.

DOCKET NUMBER
DC-0752-16-0350-I-3

DATE: February 27, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence E. Mattison</u>, Hampton, Virginia, pro se.

<u>Timothy M. O'Boyle</u>, Esquire, Hampton, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant held the position of Housekeeping Aid (Leader) at an agency medical center in Hampton, Virginia. *Mattison v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-16-0350-I-1, Initial Appeal File (IAF), Tab 12 at 10. In August 2015, the agency indefinitely suspended him in connection with his arrest for violating a protective order and stalking another agency employee.[2] *Id*. at 36-40. Later, the agency proposed and effectuated his removal based on the same underlying circumstances. *Id*. at 10-34.

¶3 The appellant filed a Board appeal challenging his removal. IAF, Tab 1. The administrative judge dismissed the initial appeal, without prejudice, while the appellant faced related criminal charges. IAF, Tab 14. The Board affirmed. *Mattison v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-16-0350-I-1, Final Order (July 15, 2016). After the resolution of his criminal matter, the appellant requested additional time to refile his removal appeal. *Mattison v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-16-0350-I-2, Appeal File (I-2 AF), Tab 1. The administrative judge granted that request, and the appellant refiled in November 2016. I-2 AF, Tab 2; *Mattison v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-16-0350-I-3, Appeal File (I-3 AF), Tab 1.

¶4 Because the appellant was convicted of his criminal charges, the agency requested that the administrative judge apply collateral estoppel and preclude the appellant from relitigating the administrative charges at issue in this removal appeal. I-3 AF, Tab 15. Over the appellant's objections, *e.g*., I-3 AF, Tabs 11, 25, the administrative judge granted that request, I-3 AF, Tab 44 at 2. Therefore,

---

[2] The appellant unsuccessfully challenged his indefinite suspension in a separate appeal. *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492 (2016).

she held a hearing that was limited to evidence pertaining to the agency's choice of penalty and the appellant's affirmative defenses. *Id*. After doing so, the administrative judge affirmed the appellant's removal. I-3 AF, Tab 59, Initial Decision (ID). She sustained the agency's charges based on collateral estoppel and found no merit to the appellant's various affirmative defenses and other such claims. ID at 4-15. Finally, the administrative judge found that removal was a reasonable penalty and that the appellant failed to establish his disparate penalty claim. ID at 15-19.

¶5      The appellant has filed a petition for review. *Mattison v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-16-0350-I-3, Petition for Review (PFR) File, Tabs 1, 3. The agency has filed a response and the appellant has replied. PFR File, Tabs 6-7. The appellant has requested leave to submit additional pleadings, PFR File, Tabs 11-12, 17, but that request is denied.[3]

The administrative judge erred in applying collateral estoppel.

¶6      The agency removed the appellant based on two charges, conduct unbecoming and failure to follow supervisory instructions. IAF, Tab 12 at 11, 27. The administrative judge sustained the charges, finding that the appellant was collaterally estopped from relitigating the facts underlying his Virginia Circuit Court conviction under Va. Code Ann. § 18.2-60.3, stalking, and Va. Code Ann. § 18.2-429, causing telephone or pager to ring with intent to annoy. ID at 4-9; I-3 AF, Tab 15 at 14-15, Tabs 30, 43.

---

[3] In his first request to submit additional pleadings on review, the appellant cites his pro se status and asserts that he intended to present "a potential illegal act in the initiation of criminal proceedings that would nullify the agency's use of any outcome from those proceedings." PFR File, Tab 11 at 4. In the second, the appellant appeared to indicate that an additional pleading he wished to submit was a request for subpoena. PFR File, Tab 12 at 4. In a much later filing, the appellant requested permission to present additional argument regarding collateral estoppel and to amend his request for relief in this appeal. We find no basis for allowing any pleadings beyond those already accepted into the record. *See* 5 C.F.R. § 1201.114(a)(5) (limiting the pleadings parties may submit in connection to a petition for review, and providing that additional pleadings will not be accepted absent leave of the Clerk of the Board).

¶7		Though not raised by either party on review, we find that the administrative judge mistakenly relied on the wrong standards for collateral estoppel.  I-3 AF, Tab 8 at 2-3, Tab 30, Tab 43; ID at 4-9.  As further detailed below, under the proper standards, the requirements for collateral estoppel are not satisfied in this case.

¶8		Under the Board's standards for collateral estoppel, a party is barred from relitigating an issue that was previously litigated if:  (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or one whose interests were otherwise fully represented in that action.  *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005).  However, in a case such as this, in which the prior action resulted in a criminal conviction in state court, the Board must apply that state's collateral estoppel standards.  *Mosby v. Department of Housing and Urban Development*, 114 M.S.P.R. 674, ¶¶ 5-6 (2010) (applying District of Columbia collateral estoppel standards).

¶9		As the U.S. Court of Appeals for the Federal Circuit has recognized, "[t]he Full Faith and Credit Clause of the Federal Constitution, as implemented by 28 U.S.C. § 1738, requires that state court judgments be given the same preclusive effect in later federal actions as they would be given under the laws of the state in which the judgments were rendered."  *Graybill v. U.S. Postal Service*, 782 F.2d 1567, 1571-73 (Fed. Cir. 1986) (applying Maryland collateral estoppel standards); *cf. Miles v. Department of the Navy*, 102 M.S.P.R. 316, ¶¶ 4, 9-10 (2006) (applying the Board's collateral estoppel standards in the context of a Federal court conviction for state and Federal crimes).  Accordingly, it is Virginia's collateral estoppel standards that govern in this appeal.

¶10     Under Virginia law, collateral estoppel is appropriate if: (1) the same parties or their privies were involved in both actions; (2) "the factual issue sought to be litigated [was] actually litigated in the prior action"; (3) the factual issue was necessary to the judgment rendered in the prior case; and (4) "the prior action . . . resulted in a valid, final judgment against the party sought to be precluded in the present action." *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007); *see Whitley v. Commonwealth*, 538 S.E.2d 296 (Va. 2000). However, in Virginia, collateral estoppel also requires one additional element—mutuality.[4] *Weinberger*, 510 F.3d at 491.

¶11     The Supreme Court of Virginia discussed the mutuality requirement in *Selected Risks Insurance Co. v. Dean*, 355 S.E.2d 579 (Va. 1987). The court recognized its longstanding conclusion that mutuality is lacking in the context of a criminal judgment and subsequent civil action arising from the same circumstances. *Id.* at 580-81. In doing so, the court explained, "[t]he principle of mutuality limits the influence of the initial adjudication by requiring that to be effective the estoppel of the judgment must be mutual. Thus, a litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issue reached the opposite result." *Id.* at 581; *see Weinberger*, 510 F.3d at 494 (discussing the mutuality requirement).

¶12     Here, even if the other elements were satisfied, it is evident that the mutuality requirement is not met. The agency would not have been bound by the opposite result—a not guilty verdict in Virginia Circuit Court—so it may not invoke the preclusive force of the appellant's conviction. *See Selected Risks*

---

[4] The administrative judge acknowledged the possibility of Virginia law governing in this case. I-3 AF, Tab 43 at 3 n.1. However, in doing so, she cited *Whitley*, a case that included no discussion of Virginia's mutuality requirement. *Id.* Subsequent cases verify that Virginia still requires mutuality. *E.g.*, *Ayala v. Aggressive Towing & Transport, Inc.*, 661 S.E.2d 480, 482 (Va. 2008); *Rawlings v. Lopez*, 591 S.E.2d 691, 692 (Va. 2004).

*Insurance Co.*, 355 S.E.2d at 581 (discussing the absence of mutuality in the context of a criminal action followed by a civil action because a criminal acquittal would reflect an inability to prove intent beyond a reasonable doubt but would leave open the question of whether intent could be proven by preponderant evidence). Accordingly, remand is required here for the agency to prove its charges without the benefit of collateral estoppel.[5]

¶13 On remand, the administrative judge should allow the parties to further develop the record and hold a supplemental hearing, if the appellant requests one.[6] If appropriate, the administrative judge may incorporate her other findings, such as those pertaining to the appellant's affirmative defenses, into a remand initial decision.[7]

<u>The administrative judge did not commit any other procedural errors, nor did she exhibit bias.</u>

¶14 The appellant's petition for review raises other procedural matters from below. First, he argues that the administrative judge erred in denying his request

---

[5] We recognize that the record already includes evidence pertaining to the agency's charges. *E.g.*, IAF, Tab 12. Nevertheless, we find that it would be premature for us to decide whether the agency proved those charges in this context, when both parties relied on the administrative judge's collateral estoppel rulings in determining what evidence to submit and what testimony to elicit. *See, e.g.*, IAF, Tabs 30, 37, 44.

[6] On review, the appellant argues that the administrative judge erred in refusing to admit some of the evidence he submitted here. PFR File, Tab 1 at 1-3, Tab 3 at 10, 17, 22-23. The evidence he cites, "Appellant's exhibit 9-1," reportedly consists of text messages between the appellant and his accuser, as transcribed by the appellant in preparation for this appeal. I-3 AF, Tab 36 at 120-25. It appears that the administrative judge may have excluded this evidence, at least in part, because of her collateral estoppel ruling. Therefore, the administrative judge should on remand revisit the matter to explain whether and why she did or did not consider this evidence.

[7] Because we are remanding for the agency to prove its charges, it would be premature for us to address the appellant's arguments concerning the penalty and his various affirmative defenses. *See, e.g.*, PFR File, Tab 3 at 21-25. However, if her misapplication of collateral estoppel contributed to these matters, the administrative judge should revisit her previous rulings on these issues.

for a courtesy copy of a hearing transcript, based on his indigence. PFR File, Tab 3 at 18-19 (referring to I-3 AF, Tab 55). We disagree.

¶15 Pursuant to the Board's regulations, a recording of the hearing is generally prepared by a court reporter and included in the appeal file as the official hearing record. 5 C.F.R. § 1201.53(a). The Board's regulations do not require the creation of a hearing transcript. Instead, they provide that a party may request that the court reporter (not the Board) prepare a transcript, at the requesting party's expense. 5 C.F.R. § 1201.53(b). The Board will provide copies of *existing* transcripts to the parties, free of charge. 5 C.F.R. § 1201.53(c) (emphasis added). Because there was no transcript created, neither the Board nor the agency are required to provide one to the appellant.

¶16 Throughout his petition, the appellant also refers to the fact that he repeatedly requested to certify issues for interlocutory appeal. *E.g*., PFR File, Tab 3 at 10-11, 16-17; I-3 AF, Tab 27, 34, 45-46, 57-58. To the extent that he is suggesting that the administrative judge erred in denying those requests, we disagree. *See Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶¶ 22-23 (2010) (explaining that an administrative judge did not abuse her discretion by denying the appellant's request to certify for interlocutory appeal the administrative judge's denial of his recusal motion); 5 C.F.R. § 1201.92 (explaining the limited circumstances in which certifying a ruling for interlocutory review is appropriate).

¶17 In addition to his procedural arguments, the appellant argues that the administrative judge exhibited bias or otherwise acted inappropriately during the adjudication of his appeal. For example, he alleges that the administrative judge falsified the chronology of events to justify collateral estoppel. PFR File, Tab 3 at 9. He also referred to the administrative judge as a "prosecutor or cohort for the agency" and alleged that she showed "extreme bias in favor of the agency." *Id*. at 17-18. The appellant further alleged that the administrative judge was

"colluding with the agency to deny [him the] right to work at any department of [the agency]." *Id*. at 21.

¶18      In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding will warrant a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Although we have considered the appellant's allegations, we are not persuaded. We find no basis for concluding that the administrative judge exhibited bias or otherwise acted inappropriately.

## ORDER

¶19      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:
/s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.